IN RE JEAN H. PLEITGEN, AS TRUSTEE FOR THE HEIRS AND NEXT OF KIN OF MARK RICHARD PLEITGEN, A DECEASED MINOR, AND ANOTHER v. FARMERS INSURANCE EXCHANGE.

207 N. W. 2d 535.

May 11, 1973—No. 43959.

*Rider, Bennett, Egan, Johnson & Arundel* and *David F. Fitzgerald,* for appellant.

*Van Valkenburg, Comaford, Moss, Fassett, Flaherty & Clarkson* and *Wayne A. Hergott,* for respondents.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment of the District Court of Hennepin County.

The action involves the right to recover under two policies of insurance, both containing uninsured-motorist coverage. The relevant facts were stipulated by the parties. On May 31, 1969, plaintiff Jean H. Pleitgen and her son Mark were passengers in a car owned and operated by Robert D. Taylor when it was struck by an uninsured automobile driven by Edna Sam and owned by Clarence Boyd. Plaintiff was injured in the accident and her son was killed.

Under a policy issued by Travelers Insurance Company, Taylor had uninsured-motorist coverage with $10,000/20,000 limits. The $20,000 limits were exhausted by claims of the occupants of the Taylor automobile, with plaintiff receiving $8,000 for her injuries and $4,000 for the death of her son. Plaintiff is insured under a policy issued by defendant which also contains uninsured-motorist coverage with $10,000/20,000 limits. She seeks recovery under this policy of $10,000 for herself and $10,000 as trustee for the next of kin of her deceased son, Mark. Her policy also contained provisions for the recovery of medical expenses, and she seeks recovery under those provisions of $1,900.35 for the actual expenses incurred.

Plaintiff asserts that the parties have stipulated that her dam-

ages exceed by $12,000 the amount recovered under the Travelers policy; that is, $8,000 as trustee for her son and $4,000 for her own injuries. We find no such stipulation in the record but assume it to be true. For the purposes of this appeal we must assume that the amounts recovered under the Travelers Insurance Company policy insuring the Taylor automobile did not actually compensate plaintiff to the full extent of her damages.

This action was commenced by plaintiff individually and as trustee for the next of kin of her deceased son. Defendant denied liability and counterclaimed for declaratory judgment that its policy did not apply to plaintiff's claims. Plaintiff moved for partial summary judgment on the issue of liability; defendant moved for summary judgment of dismissal. Plaintiff also moved for summary judgment that the amount recovered for medical expenses actually incurred may not be set off against the limits of the uninsured-motorist coverage.

The court granted plaintiff's motion on both issues, holding that the uninsured-motorist provisions in her policy did cover plaintiff's injuries and those of her son and that the medical-expense coverage could not be offset against the uninsured-motorist liability. Judgment was entered and defendant appeals from that judgment.

After entry of judgment, a judge of the district court of Hennepin County granted defendant's motion to remand for arbitration the issue of actual damages sustained by plaintiff. Defendant's motion to stay arbitration pending final determination of liability was denied and there has been no appeal from that order.

1. Most of the issues involved in the case have been resolved by our decision in Van Tassel v. Horace Mann Mutual Ins. Co. 296 Minn. 181, 207 N. W. 2d 348 (1973). Van Tassel and the instant case were argued on the same date and the decisions are being released together. In Van Tassel we held that, where there were four separate insurance policies, all containing uninsured-motorist coverage, the insured persons could recover up to the

full extent of their damages against the insurer who had issued the four policies. In that case, all policies were issued by the same insurer. The only difference here is that recovery is claimed against the insurer of the host automobile and in addition against plaintiff's own insurer. However, for all practical purposes the legal issues are the same.

In this case, as in the Van Tassel case, the policies involved attempt to limit recovery to the minimum insurance required under our Safety Responsibility Act, Minn. St. c. 170. In Van Tassel, we held that could not be done as it was contrary to Minn. St. 1967, § 72A.149, which required insurance policies to contain uninsured-motorist coverage. In this case, there is some dispute whether the statute as passed in 1967 (L. 1967, c. 837), or the statute as amended in 1969 applies. Minn. St. 1967, § 72A.149, subd. 1, reads in part:

"* * * The policy limits of the coverage required to be offered by this section shall be *as set forth* in Minnesota Statutes 1965, Section 170.25, Subdivision 3, until January 1, 1971." (Italics supplied.)

As amended in 1969 (L. 1969, c. 630), the relevant portion of the statute, now renumbered as Minn. St. 65B.22, subd. 3, was changed to read:

"* * * The policy limits * * * shall be *at least equal to the amount set forth* in section 170.25, subdivision 3 * * *." (Italics supplied.)

We cannot see that this difference in language in these two statutory provisions can have any bearing on the outcome of this case, because both statutes, under our decision in Van Tassel, require each policy to offer coverage of "not less than $10,000 because of bodily injury to or death of one person * * * and * * * not less than $20,000" for injury to two or more persons in a single accident. Thus, under either statute, the insurer is not free to restrict the coverage to less than the minimum limits for each policy. Plaintiff is therefore free to proceed against her own in-

surer for her uncompensated damages to the extent of the policy limits.

2. Defendant also seeks to reduce the limits of the uninsured-motorist coverage by the amount payable under medical-expense coverage. As we held in Van Tassel, the medical-expense coverage is independent coverage which may not be used to dilute the statutorily mandated uninsured-motorist coverage.

The authorities from other jurisdictions are divided on the issues involved. But under our decision in Van Tassel, plaintiff is entitled to recover to the full extent of the coverage under the policy insuring the Taylor automobile and, in addition, under the policy issued to plaintiff, to the full extent of her damages plus her medical expenses. We accordingly affirm the trial court.

Affirmed.