# IN RE ARBITRATION BETWEEN WALLACE R. HENNEN, AS TRUSTEE FOR THE HEIRS OF GENE HENNEN, AND ANOTHER AND ST. PAUL MERCURY INSURANCE COMPANY.

250 N. W. 2d 840.

February 4, 1977 — No. 46757.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson II, R. D. Blanchard,* and *John Hally Riley,* for appellant.

*Schermer, Schwappach, Borkon & Ramstead* and *Irvin E. Schermer,* for respondents.

Heard before Kelly, Yetka, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal in an insurance arbitration case. Separate arbitration tribunals were formed to settle the claims of Wallace R. Hennen and Albert Breeggemann against St. Paul Mercury Insurance Company (Mercury). Mercury disputed the decision of the Breeggemann tribunal and moved in district court for an order vacating its decision. Breeggemann moved to confirm the arbitrators' decision. Following consolidation, the district court denied the motion to vacate, confirmed the tribunal's decision, and ordered judgment for Breeggemann. Mercury appeals from that judgment. We affirm.

On March 10, 1974, a car driven by Gene Hennen with Annella Breeggemann as a passenger collided head-on with another car driven by Gary Leegaard. Both drivers were killed, while Annella suffered severe injuries. It is generally accepted that Leegaard was the negligent party.[1]

Wallace Hennen, trustee for the heirs of Gene, and Albert Breeggemann, individually and as father and natural guardian of Annella, both initially sought recovery from Utah Insurance Company, which insured the Leegaard vehicle. Utah denied coverage, however, on the basis of a "household exclusion" in its policy. Mercury conceded that this refusal established a prima facie case for uninsured motorist benefits, but denied that the refusal was conclusive. Mercury further disputed whether the stacking of uninsured motorist benefits was appropriate for Breeggemann, though it appeared to concede that such stacking was available in the Hennen matter. The three Hennen policies covered four vehicles in all.

Two separate arbitration tribunals were convened, composed of the same three arbitrators, one for the Hennen case and the other for the Breeggemann case. The Hennen panel awarded damages of $29,000 to Wallace Hennen for the death of his son;

---

[1] Since there were no findings of fact made by either the arbitration tribunals or the district court, the facts as stated herein are drawn from the parties' briefs.

this award was not disputed. Three issues were before the Breeggemann tribunal: (1) Did Utah's denial of coverage make Mercury's uninsured motorist coverage available to Breeggemann? (2) Was stacking of the Hennen policies appropriate in the Breeggemann case? (3) What were Breeggemann's damages? Mercury filed a brief with the arbitrators on the second issue, i. e., the propriety of stacking the insurance policies, and Breeggemann responded. This issue was also argued orally before the arbitrators.

The Breeggemann tribunal decided the issues as follows: (1) Mercury's uninsured motorist coverage was available to Breeggemann; (2) the Hennen policies were to be stacked to make $40,000 available for Breeggemann's claims; and (3) Breeggemann's damages exceeded $40,000. The tribunal awarded Breeggemann the full $40,000.

Mercury disagreed with the tribunal's decision on the stacking issue and sought to have the award vacated in district court on the ground that the tribunal had exceeded its authority. The district court denied the motion to vacate and stated in a brief memorandum accompanying its order that even if the arbitrators had erred as a matter of law, this was not a sufficient basis for setting aside the award.

On appeal, Mercury contends that the Breeggemann tribunal exceeded its authority by making stacking available to Breeggemann, and seeks reversal of the district court on this basis.

The following legal issues are presented:

(1) Was the trial court correct in ruling that the stacking issue was properly before the Breeggemann tribunal?

(2) Was the trial court correct in ruling that the Breeggemann tribunal did not exceed its authority in deciding Breeggemann was entitled to stacking of the Hennen policies?

(3) Was the trial court correct in ruling that the award was not so excessive as to constitute a fraud on the parties in this case?

■ In Minnesota, written agreements to arbitrate are inter-

preted with reference to the Uniform Arbitration Act, Minn. St. c. 572. Component Systems v. Murray Enterprises of Minn. 300 Minn. 21, 217 N. W. 2d 514 (1974). In this case each of the Hennen policies contained such a written agreement, phrased as follows:

"If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association * * *." [2]

Mercury contends that this language allows only two issues to be placed before arbitrators. First, is the occupant insured "legally entitled to recover damages from the owner or operator of an uninsured automobile?" Second, what is "the amount of payment which may be owing?" From this Mercury concludes that the tribunal was not empowered to decide Annella Breeggemann's "status as an insured" under all of the Hennen policies.[3] Breeggemann contests both steps of this analysis, arguing that the arbitration clause involved in this case fully extends to deciding whether Annella Breeggemann was covered by the Hennen policies.

In our recent decision in Dunshee v. State Farm Mut. Auto. Ins. Co. 303 Minn. 473, 228 N. W. 2d 567 (1975), this court established the following mode of analysis in cases such as this:

"* * * This question of the intended scope of the arbitra-

---

[2] See Milwaukee Mut. Ins. Co. v. Currier, 310 Minn. 81, 245 N. W. 2d 248 (1976) for interpretation of a similar arbitration clause.

[3] There was no question that Annella was covered by the specific policy referring to the accident vehicle. Mercury objects to her recovery under Albert Hennen's other policies, which were written for other vehicles.

tion clause regarding a so-called 'coverage' issue is one of first impression in this state. It must be decided by resort to the pertinent provisions of the Uniform Arbitration Act which manifests this state's policy favoring arbitration for the informal, speedy, and inexpensive resolution of present and future disputes arising between contracting parties where the contract contains an arbitration clause." 303 Minn. 477, 228 N. W. 2d 570.

Dunshee involved an arbitration clause virtually identical in relevant respects to that in the present case. The dispute in Dunshee was whether the claimant had been struck by a "hit-and-run driver" as defined in the policy. State Farm refused arbitration on this question, but this court reversed the district court which had upheld the refusal. We established the following criterion for deciding whether an issue is a proper one for arbitration:

"Determining that the scope of the arbitration clause is reasonably debatable under standards previously adopted by decisions of this court construing the Uniform Arbitration Act, we reverse and order arbitration of the controversy." 303 Minn. 474, 228 N. W. 2d 568.

See, also, Atcas v. Credit Clearing Corp. of America, 292 Minn. 334, 197 N. W. 2d 448 (1972); Har-Mar, Inc. v. Thorsen & Thorshov, Inc. 300 Minn. 149, 218 N. W. 2d 751 (1974).

The question in the present case then becomes whether it is reasonably debatable that the arbitration clause herein extends to determining Breeggemann's right to recover under each of the Hennen policies.

The Hennen policies defined "insured" in part as follows:

"(a)   the named Insured and any relative;
"(b)   any other person while occupying an insured automobile."

The term "insured automobile" is defined in part as—

"(a)   an automobile described in the Policy for which a specific premium charge indicates that coverage is afforded."

Mercury argues that because only one of the Hennen policies charged an uninsured motorist premium for the accident vehicle, Breeggemann can recover only under that policy. Breeggemann responds that this interpretation is at least questionable, and asserts that doubts should be resolved in favor of extending, rather than limiting, coverage.

This issue of interpretation appears to be one on which reasonable minds might differ. As Breeggemann points out, the definition of "insured" in the Hennen policies does not distinguish between named insureds and occupant insureds. The phrase "occupying an insured automobile" adds little by way of qualification, since coverage would hardly be extended to any person riding in any car being driven by the named insured, whether the car was insured or not. This phrase can reasonably be read to extend the same coverage to the occupant insured as to the named insured, providing the named insured is driving an insured automobile, as was the case here.

The second qualifier under "insured automobile" is also subject to interpretation. Since these definitions refer only to uninsured motorist coverage, this qualifier may be intended only to limit uninsured motorist coverage to those vehicles for which premiums for this purpose were paid. The policy itself states near the top: "Insurance Afforded Only For Coverages Indicated by Specific Premium Charges." In this case premium charges were paid for uninsured motorist coverage on all the Hennen vehicles, thus allowing stacking in favor of Gene Hennen. In view of Minnesota's strong policy of extending coverage rather than allowing coverage to be restricted by confusing or ambiguous language, stacking uninsured motorist coverage in Breeggemann's favor is a debatably arbitrable issue under the clause at issue herein. See, Van Tassel v. Horace Mann Mut. Ins. Co. 296 Minn. 181, 207 N. W. 2d 348 (1973); Pleitgen v. Farmers Ins. Exchange, 296 Minn. 191, 207 N. W. 2d 535 (1973); Integrity Mut. Ins. Co. v. State Auto. and Cas. Underwriters Ins. Co. 307 Minn. 173, 239 N. W. 2d 445 (1976).

■ If the stacking issue was properly before the Breeggemann tribunal, its decision can be challenged only as provided in Minn. St. 572.19, subd. 1:

"Upon application of a party, the court shall vacate an award where:

"(1) The award was procured by corruption, fraud or other undue means;

"(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

"(3) The arbitrators exceeded their powers;

"(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 572.12, as to prejudice substantially the rights of a party; or

"(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 572.09 and the party did not participate in the arbitration hearing without raising the objection;

"But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

Mercury argues that the Breeggemann arbitrators exceeded their authority in finding Annella Breeggemann an "insured" under all the Hennen policies, in violation of clause (3) above. First, Mercury raises the "status as an insured" issue, arguing that the arbitration clause did not extend to determination of this coverage question. This argument has been discussed above, where it was concluded that the clause debatably extended to the stacking question. Second, Mercury contends that the tribunal ignored the "plain wording" of the policy definitions, thus reaching an incorrect interpretation. Breeggemann responds that the tribunal's interpretation is binding, even if erroneous.

Had Breeggemann claimed coverage as an insured in a common-law action, Mercury could have required submission of the matter to arbitration under the arbitration clauses contained in the policies. This we would have agreed with, in manifesting this state's policy favoring arbitration. We would not refuse to ultimately review the findings of the arbitration tribunal as provided by law in furtherance of that policy. The court, in stating that even if the arbitrators had erred as a matter of law this would not be a sufficient basis for setting aside the award, was construing this function too narrowly. We therefore hold that the coverage question was properly before the arbitration tribunal, and the award should not be vacated under § 572.19, subd. 1, as an excess of authority.

■ Mercury argues that the award of the Breeggemann tribunal was so excessive that it constituted a fraud on the parties. This argument does not merit lengthy discussion. First, the tribunal had only two award options available to it since it is undisputed that Annella Breeggemann's damages exceeded $40,000 —recovery under one policy for $10,000, or recovery under all policies for $40,000. The decision of the tribunal to adopt the latter option, where no evidence is claimed of partiality or corruption, cannot be said to establish fraud for the purposes of § 572.19, subd. 1(1). It is purely conclusionary to argue, as Mercury does in its reply brief, that the fraud consists in the fact that Breeggemann has received "four times the coverage to which they were actually entitled." Four premiums were paid to Mercury by Wallace R. Hennen, whose car Annella Breeggemann occupied when her injuries were sustained. The arbitrators' decision, while not beyond a reasonable difference of opinion, was in no way fraudulent, nor even inequitable, under the facts of this case. No grounds exist for vacating the award for fraud, constructive or otherwise.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.