Catherine C. WEISS, Appellant,

v.

FARMERS INSURANCE GROUP, Respondent.

No. 50862.

Supreme Court of Minnesota.

Jan. 30, 1981.

Courtney, Gruesen & Petersen and James J. Courtney III, Duluth, for appellant.

Rider, Bennett, Egan & Arundel, Richard J. Nygaard, and Lewis A. Remele, Jr., Minneapolis, for respondent.

SCOTT, Justice.

This is an appeal from an order of the District Court of St. Louis County in favor of respondent Farmers Insurance Group, the defendant below, on cross-motions for summary judgment. We affirm.

The pertinent facts stipulated to the trial court are as follows:

WHEREAS, the above entitled action was commenced by plaintiff to recover reimbursement under the No-Fault Act for medical expense incurred as a result of an automobile accident wherein she was struck as a pedestrian, and

WHEREAS, defendant alleges plaintiff is entitled to recover only a portion of the medical expense incurred, and

WHEREAS, both parties through their representative counsel are in agreement that there are no genuine issues of material fact and the issue before the Court is one of law, and, therefore, can properly be resolved by Cross-Motions for Summary Judgment.

NOW, THEREFORE IT IS HEREBY AGREED by the parties, through their undersigned counsel, that in deciding the issue of law presented by the above action, the Court may rely upon the following stipulated and undisputed facts:

1. This action involves an automobile accident which occurred on November 28, 1977. On that date, plaintiff was struck by a 1969 Ford LTD owned and driven by Robert Bailey when she was in the process of crossing Sixth Avenue East at or near the intersection of Sixth Street in Duluth, Minnesota.

2. As a result of the accident, plaintiff, age 73, sustained fractures to both legs and her left hip as well as head and internal injuries. Further, she has incurred medical expenses in the amount of $35,598.91 as a result of her injuries.

Plaintiff was not employed at the time of the accident and therefore incurred no income loss.

3. At the time of the accident plaintiff did not have any automobile insurance coverage.

4. The 1969 Ford LTD which Robert Bailey was driving at the time of the accident and which struck plaintiff was insured by defendant Illinois Farmers Insurance Company Policy # 1388269654N. This policy included liability coverage and a plan of reparation security pursuant to the No-Fault Act. The No-Fault coverage contained basic economic loss benefits in the maximum amount of $20,000 for medical expenses and $10,000 for income loss benefits.

5. Under the terms of the policy covering the 1969 Ford LTD plaintiff has been paid by defendant $20,000 in basic economic loss benefits as reimbursement for her medical expenses and $40,000 as settlement of her liability claim.

6. At the time of the accident, Mr. Bailey owned a second automobile, a 1959 Volkswagen, which was separately insured by defendant Illinois Farmers Insurance Company. The policy covering this vehicle, # 1388269655N, included a plan of reparation security pursuant to the No-Fault Act which provided for the payment of basic economic loss benefits in the maximum amount of $20,000 for medical expenses and $10,000 for income loss benefits. Two separate premiums were charged by the defendant Illinois Farmers Insurance Company for the policies covering both of Mr. Bailey's vehicles.

7. The No-Fault policy which plaintiff seeks to obtain benefits from is the policy on Mr. Bailey's 1959 Volkswagen which was not involved in the accident. It is plaintiff's claim that she is entitled to obtain reimbursement under this No-Fault policy up to the remaining amount of her medical expenses—$15,598.91.

8. That defendant refuses to reimburse plaintiff the remaining $15,598.91 in medical expense.

At issue is whether the Minnesota No-Fault statute [1] will permit an injured pedestrian to stack the basic economic loss benefits of the insurance policies owned by the driver who struck her.

The stacking of benefits was first permitted by this court with regard to uninsured motorist coverage. *See In re Pleitgen v. Farmers Insurance Exchange*, 296 Minn. 191, 207 N.W.2d 535 (1973); *Van Tassel v. Horace Mann Mutual Insurance Co.*, 296 Minn. 181, 207 N.W.2d 348 (1973). Stacking was authorized to secure for insureds all the benefits they have paid for.[2]

The Minnesota no-fault statute was first interpreted with regard to stacking in the consolidated case reported as *Wasche v. Milbank Mutual Insurance Co.*, 268 N.W.2d 913 (Minn. 1978).[3] The injured party in *Wasche* was an insured under two policies owned by a member of her household. The court allowed her to stack benefits under both policies. The injured party in the case consolidated with *Wasche* sought to stack the benefits from two policies in which he was the named insured and from a third policy owned by a family member. This court allowed the injured party to stack benefits from the policies in which he was a named insured, but held that he was not an insured under the family member's policy and did not allow him to stack those benefits.[4]

In comparing this court's decisions on stacking uninsured motorist benefits and no-fault coverage, the *Wasche* court stated:

> Both uninsured-motorist coverage and basic economic loss benefits protect persons, not vehicles; the injured person ordinarily looks to his own policies or those covering him as an insured whether or not associated with the particular vehicle involved in the collision. * * * Both uninsured-motorist and no-fault coverages are compulsory. Under the statute, a vehicle owner is compelled to maintain a plan of reparation security for each of his vehicles in the state, * * * and he must pay separate premiums to provide both uninsured-motorist and no-fault coverages on every policy.

*Id.* at 918–19.

The *Wasche* court found that the Minnesota Legislature did not intend to preclude stacking of no-fault benefits. Instead the court held that "*under the present statute*

---

1. See Minnesota No-Fault Automobile Insurance Act, codified as Minn.Stat. §§ 65B.41–.71 (1978).

2. In *Van Tassel v. Horace Mann Mutual Ins. Co.*, 296 Minn. 181, 187, 207 N.W.2d 348, 351 (1973), this court said:

   > It seems to us that, in spite of the attempt by the insurer to limit its liability to one policy or to the amount recoverable under one policy, the fact that the legislature required an uninsured-motorist provision in all policies, added to the fact that a premium has been collected on each of the policies involved, should result in the policyholder's receiving what he paid for in each policy, up to the full amount of his damages. It is true that such holding results in permissible recovery exceeding what he would have received if the uninsured motorist had been insured for the minimum amount required under our Safety Responsibility Act. But if the question must be resolved on the basis of who gets a windfall, it seems more just that the insured who has paid a premium should get all he paid for rather than that the insurer should escape liability for that for which it collected a premium.

3. The *Wasche* case is *noted in* Comment, *Stacking of Basic Economic Loss Benefits Under the Minnesota No-Fault Automobile Insurance Act*, 5 Wm. Mitchell L. Rev. 421 (1979).

4. Minn.Stat. § 65B.43, subd. 5 (1978), defines an insured as follows:

   > "Insured" means an insured under a plan of reparation security as provided by sections 65B.41 to 65B.71, including the named insured and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified *by name in any other contract* for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:
   >
   > (1) a spouse,
   > (2) other relative of a named insured or
   > (3) a minor in the custody of a named insured or of a relative residing in the same household with a named insured.
   >
   > A person resides in the same household with the named insured if that person usually makes his home in the same family unit, even though he temporarily lives elsewhere. (Emphasis added.)

the injured person shall be allowed to recover basic economic loss benefits under each no-fault coverage applicable to him as an insured to the extent of actual losses up to the stacked policy limits of all policies applicable on a single priority level." *Id.* at 919 (emphasis added).

Respondent argues that, in the instant case, the applicable statutory priority level precludes stacking. The priority section which the court considered in the *Wasche* decision was Minn.Stat. § 65B.47, subd. 4(a) (1978), which provides as follows:

> The security for payment of basic economic loss benefits applicable to injury to an insured is the *security under which the injured person is an insured.*

(Emphasis added.)

The appropriate priority section for purposes of this appeal is Minn.Stat. § 65B.47, subd. 4(c) (1978), which provides as follows:

> The security for payment of basic economic loss benefits applicable to injury to a person not otherwise covered who is not the driver or other occupant of an involved motor vehicle is the *security covering any involved motor vehicle.*

(Emphasis added.) This statute, providing for plaintiff's coverage under the no-fault act, is specific and not like the statutory provisions involved in *Wasche.* The difference between these priority provisions is self-evident. Under subd. 4(a), considered by the *Wasche* court, stacking is easily implied since an injured person can be an insured under more than one policy. However, subd. 4(c) does not provide the same rationale. Under this section an injured party can only receive benefits from the security covering an involved automobile, *not an involved driver.* The accident which injured appellant involved one automobile. Under this priority level, her recovery is limited to the security for that automobile.[5]

We therefore hold, consistent with *Wasche* and its progeny, that the appellant cannot obtain benefits from a no-fault policy covering a noninvolved vehicle.

Affirmed.

5. *See Koons v. National Family Insurance*, 301 N.W.2d 550, Minn.1981, wherein stacking was not allowed across priority levels.