**Robert G. DOERNER and Iris M. Doerner, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Respondent,**

**and**

**American Employer's Insurance Co., Commercial Union Insurance Co., Respondents.**

**No. C8-82-1417.**

Supreme Court of Minnesota.

Aug. 19, 1983.

Brooks & Moehn, Minneapolis, for appellants.

R. Gregory Stephens, Minneapolis, for respondent State Farm Mut. Ins. Co.

Theodore J. Smetak, Minneapolis, for respondents American Employer's Ins. Co. and Commercial Union Ins. Co.

WAHL, Justice.

This declaratory judgment action raises the question of whether occupants of an insured motor vehicle involved in an accident, who have uninsured motorist coverage solely because of their status as passengers, may stack the uninsured coverage under a separate policy of insurance purchased by the owner of the involved vehicle for a noninvolved vehicle when they do not qualify as insureds under the second policy. The trial court answered the question in the negative and granted the motion of defendant State Farm Insurance Company (State Farm) for summary judgment. We affirm.

Plaintiffs Robert and Iris Doerner were injured in November 1981 in a collision between a Honda driven by their son-in-law, Gilbert Kinnunen, and an uninsured vehicle. Kinnunen had two State Farm insurance policies, each carrying uninsured motorist limits of $50,000/$100,000, one covering the Honda and the other covering his Volvo. The Doerners' own automobile was covered by a policy with American Employers Insurance Company (Commercial Union) with uninsured motorist limits of $250,000/$500,-000. State Farm has admitted uninsured motorist coverage under the policy on the Honda since the Doerners, as occupants of that vehicle at the time of the accident, qualified as insureds by policy definition. Commercial Union acknowledges that the Doerners may stack the uninsured motorist coverage under their Commercial Union policy.

■ The Doerners also claim uninsured coverage as insureds under Kinnunen's State Farm policy on the Volvo. For purposes of uninsured motorist coverage, the Volvo policy defines "insured" as:

(1) the first person named in the declaration and while residents of his household, his spouse and the relatives of either:

(2) any other person while occupying an insured motor vehicle; and

(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above.

Though the Doerners are neither named insureds under that policy nor relatives residing in the Kinnunen household, their argument is based, in part, on the fact that in Minnesota both named insureds and resident relative insureds may stack uninsured motorist coverage under policies on noninvolved vehicles. See *Integrity Mutual Insurance Co. v. State Farm Automobile & Casualty Underwriters Insurance Co.*, 307 Minn. 173, 239 N.W.2d 445 (1976) (resident relative insured); *Nygaard v. State Farm Mutual Automobile Insurance Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974) (resident relative insured); *Pleitgen v. Farmers Insurance Exchange*, 296 Minn. 191, 207 N.W.2d 535 (1973) (named insured); *Van Tassel v. Horace Mann Insurance Co.*, 296 Minn. 181, 207 N.W.2d 348 (1973) (named insured). They contend that this court's established rule that uninsured motorist coverage follows the person and not the vehicle, set out in the cases cited above,

dictates an abolition of any geographical limitations on coverage for occupant insureds. They reason that, since Kinnunen, as named insured, or a resident relative would have uninsured motorist coverage under the Volvo policy, they, too, should be covered. They claim further that they are insureds, under (2), as "any other person while occupying an insured motor vehicle."

State Farm does not deny that uninsured motorist coverage is available for persons, not vehicles, but argues strenuously that one can only stack coverages on policies under which the person is an insured. The trial court agreed that the Doerners could only stack uninsured coverage under the Volvo policy if they were insureds under that policy, then found that they were not "insureds" as defined in the policy. They were not named insureds or resident relatives under (1), nor did they qualify as "any other person while occupying an insured motor vehicle." "An insured motor vehicle" is defined by the Volvo policy to mean "an owned motor vehicle provided the use thereof is by such first named insured * * *." "An owned motor vehicle" is defined by the policy to mean "the motor vehicle * * * described in the declarations * * *." Clearly, the motor vehicle described in the declarations of the policy was the Volvo, and the Doerners were occupying the Honda.

In reviewing this summary judgment we cannot say that the trial court erred in its application of the law. We agree that no insuring nexus exists between the occupant insurance afforded the Doerners under the Honda policy and the occupant insurance afforded under the Volvo policy. In the cases cited above on which appellants rely, cases in which uninsured motorist coverage from noninvolved vehicles has been extended to an injured party in an involved vehicle, that party was an insured under the policy covering the uninvolved vehicle. Injured parties can look for coverage then to those insurance policies under which they are insureds, policies for which premiums are paid for their benefit, whether or not their injuries are related to vehicles covered under those policies. *Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913, 918 (Minn.1978). In *Integrity Mutual,* we implied that injured parties must be insureds under policies they seek to stack: "The parties appear to agree that [appellant] enjoyed the coverage provided with respect to automobile No. 2. We assume they so agree because [appellant] was a relative and *not simply because [appellant] was an occupant of automobile No. 1.*" 239 N.W.2d at 448, n. 3, 307 Minn. at 178, n. 3 (emphasis added).

Appellants cite *Hennekens v. All Nation Insurance Co.,* 295 N.W.2d 84 (Minn.1980), and *Hennen v. St. Paul Mercury Insurance Co.,* 312 Minn. 131, 250 N.W.2d 840 (1977), as authority for extending uninsured motorist coverage to them under the State Farm policy covering the Volvo. *Hennekens* is not authority for that claim, for in that case, unlike the Doerners' case, the parties stipulated that the injured party was an insured under all of her father's policies. In *Hennen,* we discussed coverage of occupant-insureds under policies covering noninvolved vehicles only for the purpose of determining whether that question was reasonably debatable and thus within the authority of the arbitrator under the policy's arbitration clause. We do not consider our decision in that case to be binding with regard to the merits of the coverage dispute.

We hold that the occupants of an insured motor vehicle involved in an accident, who have uninsured motorist coverage solely because of their status as passengers, may not stack the uninsured motorist coverage under a separate policy of insurance purchased by the owner of the involved vehicle for a noninvolved vehicle unless they qualify as insureds under that policy. We hold further that the Doerners do not qualify as insureds under the Volvo policy and thus cannot stack its uninsured motorist coverage.

There is no issue as to the order of stacking of the two remaining policies. State Farm admits that its policy covering the Honda, the vehicle involved in the collision, is the policy closest to the risk. *Integrity Mutual Insurance Co. v. State Farm Automobile & Casualty Underwriters Insurance Co.*, 239 N.W.2d at 448. The Commercial Union policy is second in priority, as the risk of injury to appellants from uninsured motorists when they were not in the insured vehicle was only a secondary policy purpose.

We affirm the judgments of the trial court.

Affirmed.

COYNE, J., took no part in the consideration or decision of this case.