Raymond L. NOWICKI, Appellant,

v.

BENSON PROPERTIES, et al., Respondents.

No. C2–86–1762.

Court of Appeals of Minnesota.

March 17, 1987.

---

John T. Benson, St. Paul, for appellant.

James M. Schultz, St. Paul, for respondents.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

Raymond Nowicki defaulted on a contract for deed and the vendors served notice of cancellation. Nowicki was granted a conditional court-ordered stay during which he filed suit against the vendors, alleging breach of contract, fraudulent misrepresentation and rescission. When Nowicki did not fulfill the conditions of the stay, it was lifted and the cancellation proceeded to conclusion. The trial court granted the vendors' motion for summary judgment and Nowicki appeals. We affirm.

## FACTS

On July 1, 1981, Nowicki (together with a partnership, which interest Nowicki subsequently purchased) entered into a contract for deed to purchase land from respondent Benson Properties, a partnership comprised of respondents Mort J. Huber, C.W. Houle and Howard E. Sargeant ("vendors"). This land consisted of four tracts described by metes and bounds, including Tract D, which the contract described as

[s]ubject to a lawsuit entitled "Schumann vs. Johnson" under Ramsey County District Court File No. 434461. Said lawsuit

consists of a claim against the South 150 feet of the subject parcel.

The contract further stated:

[Purchasers] shall be entitled to release from this Contract and conveyance by Warranty Deed of any one of the above lettered tracts upon payment to principal in the amount of $101,000.00 for each tract so released. The downpayment recited herein shall be applicable toward lot release.

The total purchase price of the land was $304,000, to be paid as follows: $40,000 down and three payments of $25,000 plus interest on June 15 of 1982, 1983, and 1984, with a balloon payment of $189,000 plus interest on June 15, 1985.

The first two annual payments were timely made. On June 15, 1984, Nowicki defaulted by failing to make the third payment of $25,000 plus interest. He claims he did not make the payment because the land in Tract D subject to the lawsuit was lost four months after execution of the contract for deed and that two and a half acres had been in dispute, rather than one acre as he had thought; the vendors failed to purchase it so that they could convey it to him; and therefore he was unable to develop the land as he had planned.

On September 6 the vendors served 90 days' notice of cancellation of the contract for deed. On December 3, three days before the cancellation was to take effect, Nowicki was granted an ex parte order staying the cancellation. On February 5 Nowicki filed suit against the vendors, alleging breach of contract, fraudulent misrepresentation and rescission, all based on his allegation that he had understood the lawsuit to involve only one acre. On February 12, after a hearing and based on the stipulation of the parties, the district court continued the stay, ordering that:

(1) The termination of the subject contract be suspended until the above named case is either resolved by settlement or litigation.

(2) The plaintiff pay to defendants the principal currently owed in the amount of $25,000 by February 15, 1985.

(3) The plaintiff secure the letter of credit made payable to Ramsey County District Court and Benson Properties in the amount of $46,047.99 for interest, taxes and penalties by February 15, 1985.

(4) That if the case is not settled or litigated on or before June 15, 1985, the plaintiff shall secure a letter of credit payable to Ramsey County District Court and Benson Properties in the amount of principal and interest owing in the contract together with the amount in taxes and interest for a one year period.

Nowicki complied with (2) and (3), but not (4). He claims he did not secure the second letter of credit because the vendors refused to deliver a deed to one tract of land to which he was entitled according to the contract. When Nowicki failed to comply with the last condition, the vendors moved to proceed with the cancellation. Their motion was granted and the stay lifted effective September 30. Nowicki did not appeal. On October 3, the last day of the 90–day notice period, he filed a notice of lis pendens on all four tracts.

On January 27, 1986, the trial court discharged the lis pendens on the vendors' motion, after finding that Nowicki and T.M.F. partnership no longer had any interest in the real estate. Again, Nowicki did not appeal.

On April 23 the vendors filed a motion for summary judgment, attaching a copy of the contract for deed. Nowicki filed an opposing memorandum without supporting affidavits or depositions.

On July 18 the trial court entered summary judgment against Nowicki on the grounds that Nowicki had presented no evidence to dispute the vendors' claims and that Nowicki had no interest in the property.

## ISSUE

Did the trial court properly grant summary judgment for the vendors?

## DISCUSSION

Nowicki contends the trial court lacked jurisdiction to hear the summary judgment motion because the vendors did not comply strictly with Second Judicial District Rule 8 f(1), which requires that a proposed order be filed 14 days before the hearing. This is, however, not a jurisdictional defect. The court has discretion to relax this rule, which is primarily for the convenience of the court, since it causes no prejudice to the parties.

Minn.R.Civ.P. 56.03 states that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

On appeal, it is this court's function to determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Dollander v. Rochester State Hospital*, 362 N.W.2d 386, 389 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. May 20, 1985).

Nowicki contends the trial court erred in applying the law when it held summary judgment to be appropriate on the ground that he no longer had an interest in the land. "It is longstanding law in Minnesota that once statutory notice has been served and cancellation effected, all rights under a contract for deed are terminated." *Gatz v. Frank M. Langenfeld and Sons Construction, Inc.*, 356 N.W.2d 716, 718 (Minn.Ct.App.1984) (citations omitted). Each of the causes of action in Nowicki's complaint (breach of contract, fraudulent misrepresentation and rescission) depends on the existence of a contract. Therefore, the trial court was correct in granting summary judgment to the vendors on this basis. A claim for unjust enrichment, which does not depend on the existence of a contract, was not made. Therefore, we do not reach the issue of whether such a claim would succeed in this case.

Nowicki argues that he retains an interest in the land because he obtained a stay of the cancellation, during which he filed a lawsuit. However, when he did not comply with the conditions of the stay, the cancellation proceeded, resulting in the extinguishment of the contract and, with it, his interest in the land. *Id.*

Nowicki also argues that he retains an interest in at least one tract of land because he has paid more than $101,000 in principal, citing the contract terms which provide for release of one tract upon payment of $101,000 to principal. However, as presented on appeal, this argument also depends on the existence of the contract. The question of whether the vendors have been unjustly enriched by accepting $101,000 in principal without providing a deed to one tract is not before us; there is no claim for unjust enrichment in the complaint no matter how broadly construed, and the record is insufficient to establish that a claim was made for delivery of a deed to one tract.

We also agree with the trial court that Nowicki presented no specific evidence to dispute the vendors' allegations. Indeed, at the summary judgment hearing, Nowicki appeared with nothing more than his memorandum. It is true, as Nowicki mentioned at oral argument, that the trial court record contains an affidavit. However, it contains no specific facts, but merely conclusory statements insufficient to defeat a summary judgment motion. *See* Minn.R.Civ.P. 56.05.

## DECISION

Affirmed.