**Keith BUNKOWSKE, et al., Appellants,**

v.

**Robert BRIARD, Respondent,**

**Cameron Briard, Defendant.**

No. C8–90–894.

Court of Appeals of Minnesota.

Oct. 23, 1990.

Richard S. Roberts, Richard S. Roberts & Associates, Wheaton, for appellants.

Harry L. Munger, Mark A. Munger, MacDonald, Munger, Downs & Munger, Duluth, for respondent.

Considered and decided by LANSING, P.J., and PARKER and GARDEBRING, JJ.

## OPINION

LANSING, Judge.

In a negligence and breach of warranty action arising from the sale of allegedly infected pigs, the trial court treated a summary judgment motion against the buyers as unopposed. The court concluded that the buyers failed to submit a memorandum of law, statement of the case, or affidavits opposing the seller's third motion for summary judgment. Because the buyers had previously submitted memoranda and affidavits which were on file with the court, and submitted additional materials in connection with a contemporaneous motion to amend their complaint, we reverse the summary judgment and remand for consideration of the motion on its merits.

## FACTS

Keith and Shelley Bunkowske brought suit against Robert and Cameron Briard for negligence and breach of warranty. The Bunkowskes allege that the Briards as partners sold them pigs infected with a respiratory problem, hemophilus pleuropneumonia. Robert Briard answered, denying the Bunkowskes' allegations, and brought three successive summary judgment motions. The trial court denied the first two motions. After the case was

assigned to a new judge, Robert Briard moved a third time for summary judgment.

Prior to the hearing on the motion, the Bunkowskes moved to amend their complaint to allege conspiracy and misrepresentation. To support their motion, they submitted a memorandum of law and an affidavit by their attorney. The memo specifically referred to the affidavits of two veterinarians linking the infection of the Bunkowskes' hogs to Robert Briard's hog infection problems. The Bunkowskes also submitted a "Statement of Facts" attached to their attorney's affidavit in support of the motion to amend the complaint.

The Bunkowskes did not submit a memorandum in opposition to Briard's summary judgment motion. At the hearing on the motion, the Bunkowskes' attorney referred to memoranda previously filed in opposition to the first two summary judgment motions. The court disregarded the previous submissions and treated the motion as unopposed, granting summary judgment for Robert Briard.

## ISSUE

Did the trial court err in treating the third summary judgment motion as unopposed under the Seventh Judicial District's Rule 15?

## ANALYSIS

■ Local Rule 15 of the Seventh Judicial District details the procedure to be followed in bringing civil motions. Rule 15(2) governs dispositive motions, and requires the party responding to a motion to serve opposing counsel and file with the court administrator nine days prior to the hearing a memorandum of law, affidavits and exhibits, and, in summary judgment motions, a statement required by Rule 15(2)(c). Spec.R.Pract. 15(2)(b), Seventh Jud. Dist.

Rule 15(2)(c) requires:

All motions for summary judgment shall contain a Statement of Facts as to Which There is No Genuine Issue. * * * Papers opposing a motion for summary judgment shall contain a Statement of Disputed Facts, separately numbered, stating which of the propounded facts are disputed, with a direct reference to page and line of depositions, * * * and direct and clear reference to other portions of the record * * *. Facts not listed, supported or contradicted in this fashion will not be considered by the court.

Finally, Rule 15(5) grants the court discretion to consider the matter unopposed if the required papers are not timely served and filed.

■ The trial court has general discretion to enforce a local rule. *See Rosewood Mortg. Corp. v. Hefty*, 383 N.W.2d 456, 458 (Minn.App.1986) (upholding trial court's refusal to consider untimely filed affidavits); *Nowicki v. Benson Properties*, 402 N.W.2d 205, 208 (Minn.App.1987) (noting trial court's discretion to relax local rule's requirements). Minn.Stat. § 484.33 (1990) also permits the court to relax or modify the rules of practice in furtherance of justice.

The trial court in this case strictly construed Rule 15. The court found that no "Statement of Disputed Facts" or any other document had been filed in direct opposition to the summary judgment motion. At the motion hearing the court rejected the Bunkowskes' reference to memoranda previously submitted on the first two summary judgment motions as "improper and inaccurate with respect to this Motion for Summary Judgment." The oral reference, the court noted, did not comply with the rule's nine-day notice requirement.

We recognize the need for efficiency and orderly procedure in the trial court's work. We also recognize the particular value of current submissions in ruling on dispositive motions. Nonetheless, on the facts of this case, we believe that treating the summary judgment as unopposed was too rigid an application of the local rule. The purpose of the rule is to promote organized and efficient presentation of the issues and to provide the court and the parties ample time to consider each parties' assertions. A detailed statement of facts was timely submitted. Its use as support for the Buh-

kowskes' motion to amend, submitted and argued at the same time as the motion for summary judgment, should not have precluded its consideration on the summary judgment motion as well.

Although not submitted in specific opposition to the third motion for summary judgment, additional affidavits previously submitted by the Bunkowskes were on file with the court. Local Rule 15 does not prohibit the court's consideration of documents already on file. The materials are excludable only if not filed with the court administrator nine days or more before the hearing.

■ We believe that the narrow and automatic application of Local Rule 15 which did not take previous submissions into account is also at odds with the general provisions of Minn.R.Civ.P. 56. Rule 56.05 cautions that a party responding to a summary judgment motion may not rest on mere averments or denials, but does not prohibit the opposing party from relying on materials already on file with the court. When applying this rule, the Minnesota Supreme Court has broadly stated:

> [D]etermining whether there is an absence of a genuine issue as to a material fact requires a careful scrutiny of the pleadings, depositions, admissions, and affidavits, if any, *on file.*

*Burner Serv. & Combustion Controls Co. v. City of Minneapolis,* 312 Minn. 104, 107, 250 N.W.2d 224, 226 (1977) (quoting *Sauter v. Sauter,* 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955)) (emphasis added).

■ It is, of course, a better practice to submit documents specifically opposing each summary judgment motion. These documents may incorporate or refer to relevant memoranda or affidavits already filed with the court. This practice assists a trial court in keeping the issues and the case current.

By treating Briard's motion as unopposed, the trial court did not reach the substance of the Bunkowskes' claims. We will not address the merits of the parties' contentions until the trial court has had an opportunity to rule on the motion. On remand the trial court may require additional, updated submissions necessary to clarify the parties' current legal and factual positions.

## DECISION

The trial court should have considered the documents submitted by the Bunkowskes in opposition to Robert Briard's previous motions for summary judgment and the materials presented in support of the Bunkowskes' motion to amend before dismissing their claims. When reconsidering this case, the court must determine whether any issue of material fact exists. The court must also rule on the Bunkowskes' motion to amend their complaint.

Reversed and remanded.