Raymond **BRAULT**, et al., Appellants (C7–95–226), Respondents (CX–95–592),

v.

**ACCEPTANCE INDEMNITY INSURANCE COMPANY,** Respondent,

**Empire Fire and Marine Insurance Company,** Respondent (C7–95–226), Appellant (CX–95–592),

**Paul Gregg, et al., defendants and cross-claimants, Appellants (C7–95–226), Respondents (CX–95–592),**

**John E. Schraeder, et al., defendants and cross-claimants, Appellants (C7–95–226), Respondents (CX–95–592),**

**David G. Bang, et al., defendants and cross-claimants, Respondents.**

Nos. C7–95–226, CX–95–592.

Court of Appeals of Minnesota.

Sept. 26, 1995.

Review Denied Nov. 21, 1995.

Leo F. Feeney, Vincent J. Moccio, Patricia Yoedicke, Robins, Kaplan, Miller & Ciresi, St. Paul, for Raymond Brault.

Michael J. Morley, Morley, Morley & Light, Ltd., Grand Forks, ND, for Acceptance Indemnity Insurance Company.

Richard J. Chadwick, James M. Madson, Chadwick and Associates, Chanhassen, for Empire Fire and Marine Insurance Company.

Joel M. Muscoplat, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for Paul Gregg, et al.

Jeffrey W. Hane, Brink, Sobolik, Severson, Vroom & Malm, P.A., Hallock, for John E. Schraeder, et al.

Kurt J. Marben, Charlson, Marben & Jorgenson, Thief River Falls, for David G. Bang, et al.

Considered and decided by LANSING, P.J., and HARTEN and THOREEN, JJ.

## OPINION

JOHN F. THOREEN, Judge.*

The Braults sued four liquor establishments (Irishman's Shanty, Hooter's Sports Bar, I.C. Muggs, and Northland Lodge) and their insurance companies (Acceptance Indemnity Insurance Company and Empire Fire and Marine Insurance Company) in a declaratory judgment action to determine the policy coverage for each establishment. The liquor establishments filed cross-claims.

The district court considered summary judgment motions and filed an order determining coverage. In appeal C7–95–226, the Braults and those associated with Irishman's Shanty, Hooter's, and I.C. Muggs appeal the district court's determination that the policies issued by Acceptance for Hooter's and I.C. Muggs do not provide coverage for pecuniary loss. In appeal CX–95–592, Empire appeals the district court holding that the policy it issued for Northland Lodge provides coverage for pecuniary loss up to $300,000. We have consolidated the matters, and affirm in part and reverse in part.

## FACTS

The facts are not in dispute. In a separate civil action not a subject of this appeal, the husband and children of Nancy Brault sued the liquor establishments and their insurers under the Minnesota Civil Damages Act, Minn.Stat. § 340A.801 (1994), after she was killed in an automobile accident on July 26,

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1991. The driver of the automobile which struck her had a blood alcohol content of .18 and had been served alcohol at each of the four liquor establishments.

The policies issued to I.C. Muggs and Hooter's by Acceptance provide as follows in the insuring agreements section of the liquor liability endorsement:

> Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay by reason of civil tort liability imposed upon the insured by reason of Section 340A.801 of the Minnesota Statutes, to any spouse, child, parent, guardian, employer, or other person injured in person, property or means of support by an intoxicated person or by the intoxication of another person, providing the liability arises within the policy period and the intoxication results from illegally selling alcoholic beverages.

The district court concluded that this language is not ambiguous and limits coverage to claims for bodily injury, destruction of property, and loss of means of support.

The policy issued by Empire to Northland Lodge provided the following in its insuring agreement:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.

"Injury" is defined as "all damages, including damages because of 'bodily injury' and 'property damage,' and including damages for care, loss of services or loss of support."

With respect to this policy, the district court concluded that the policy is unrestricted as to types of damages, subject to stated limits for bodily injury, loss of means of support and property damage, and also subject to an annual aggregate of $300,000.

## ISSUES

1. Did the district court err in determining that the language in the policies issued by Acceptance for I.C. Muggs and Hooter's is not ambiguous and does not provide coverage for pecuniary loss in an action under Minn.Stat. § 340A.801?

2. Did the district court err in determining that the language in the policy issued by Empire to Northland Lodge covers pecuniary loss up to $300,000?

## ANALYSIS

On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Whether language in an insurance policy is ambiguous is a question of law, and the task of the reviewing court is to determine if the trial court was correct. *Columbia Heights Motors v. Allstate Ins.,* 275 N.W.2d 32, 34 (Minn.1979).

 An insurance policy is ambiguous if the language is reasonably subject to more than one interpretation. *Id.* Minnesota's policy is to extend coverage rather than allow it to be restricted by ambiguous or confusing language. *Hennen v. St. Paul Mercury Ins.,* 312 Minn. 131, 136, 250 N.W.2d 840, 844 (1977). When a court interprets policy language, it must give the terms their " 'plain, ordinary, and popular meaning.' " *Columbia Heights,* 275 N.W.2d at 34. The general rule provides that any reasonable doubt as to the meaning of the language of an insurance policy is resolved in favor of the insured. *See State Farm Ins. v. Seefeld,* 481 N.W.2d 62, 64 (Minn.1992).

> The terms of an insurance policy should be construed according to what a reasonable person in the position of the insured would have understood the words to mean rather than what the insurer intended the language to mean.

*Canadian Universal Ins. v. Fire Watch,* 258 N.W.2d 570, 572 (Minn.1977).

### 1. Acceptance Policies

The Braults and several defendants associated with I.C. Muggs and Hooter's argue first that the Hooter's and I.C. Muggs' policies are ambiguous as to whether coverage extends to pecuniary loss. We agree.

The policies state in the insuring agreements section of the liquor liability endorsement that the policies cover "all sums which the insured shall become legally obligated to pay by reason of civil tort liability" under Minn.Stat. § 340A.801 (1994).[1] Yet later in the same sentence, a list of the types of damages covered includes only injury in "person, property or means of support." The liability section does not list pecuniary loss, even though that is the only other type of damage for which a liquor establishment could become liable under section 340A.801.

The language of the policies is subject to more than one interpretation, and therefore, the policies are ambiguous. The language of the liability section indicates that there is coverage for "all" amounts the insured is obligated to pay "by reason of Section 340A.801 * * * to any * * * person injured in person, property or means of support." The plain language is contradictory. There are two reasonable interpretations of the language: one, that it covers every type of damage that the insureds could become obligated to pay under section 340A.801, *including* pecuniary loss, or two, it covers only those three statutorily-allowed types of damages which are listed.

Acceptance relies on *Acceptance Indem. Ins. v. Staples*, No. 3–93–382 (D.Minn. Dec. 9, 1993), an unpublished opinion. The federal district court in that case considered the exact policy language and found it not ambiguous in that circumstance. However, that was different than the circumstances here.

Because the policies are ambiguous in this context, they must be interpreted. The "plain, ordinary and popular" meaning of the language "all sums which the insured shall become legally obligated to pay by reason of civil tort liability imposed upon the insured by reason of Section 340.801 of the Minnesota Statutes" would include *any monetary liability*, including pecuniary loss. A reasonable person in the position of the insureds would have understood the words to mean that coverage included pecuniary loss damages. This result is consistent with *Seefeld*, which held that the policy language must be construed in favor of appellants, and with *Hennen*, which cites a policy of extending coverage rather than allowing it to be restricted.

Neither policy contains a specific reference to a limit for pecuniary loss. The policies do, however, include an annual aggregate of $300,000. This is the only limit listed within the policies that could apply to pecuniary loss damages.

We conclude that the trial court erred when it found the policies unambiguous and concluded that pecuniary loss was not covered. We reverse and hold that pecuniary loss damages are covered in the Acceptance policies issued for I.C. Muggs and for Hooter's, subject to the annual aggregate of $300,000.

## 2. Empire Policy

Empire appeals the district court ruling relating to Northland Lodge,[2] arguing that the policy does not provide coverage for pecuniary loss separate from bodily injury damages. Empire does not contest the finding that the Northland policy covers pecuniary loss, but instead argues that pecuniary loss damages derive solely from claims arising from bodily injury. We disagree.

Pecuniary loss includes loss of advice, comfort, assistance, and protection. *Gravley v. Sea Gull Marine*, 269 N.W.2d 896, 901 (Minn.1978). An action by a spouse or dependent seeking to recover damages for pecuniary loss is not based on any action the decedent would have had if he or she had survived. Instead, it is an independent action for the plaintiff's own injuries. *See Paulson v. Lapa, Inc.*, 450 N.W.2d 374, 383 (Minn.App.1990), *review denied* (Minn. Mar. 22, 1990). The recovery by a spouse or

1. In subdivision 1, the statute provides for a right of action to those "injured in person, property, or means of support, or who incur[] other pecuniary loss by an intoxicated person" illegally served alcoholic beverages.

2. None of the parties challenge the district court determination that the Empire policy issued for Irishman's Shanty covers pecuniary loss damages subject to a limit of $300,000 for all damages stemming from the death of Nancy Brault.

dependent is allowed because he or she is viewed as an innocent third party. *Id.*

We reject the argument by Empire that pecuniary loss is only payable from bodily injury coverage. Pecuniary loss is not bodily injury, and a plaintiff's ability to recover damages for pecuniary loss is not subject to the policy limits for bodily injury. The Braults' claims for pecuniary loss are independent of any action Nancy Brault may have had if she had survived. We conclude that the district court did not err in finding the Empire policy issued to Northland provides pecuniary loss coverage subject only to the policy's aggregate limit of $300,000.

Empire makes a separate argument that the district court should not have decided the summary judgment motion made by the Braults. Empire contends that the Braults did not wait the required minimum 20 days after service of the summons under Minn. R.Civ.P. 56.01 to move for summary judgment. Empire also argues the Braults violated Minn.R.Gen.Pract. 115.03 with untimely service of the summary judgment motion.

Minn.R.Civ.P. 56.01 provides:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the service of the summons * * * move * * * for a summary judgment in the party's favor.

The 20–day requirement represents the minimum time allowed for moving for summary judgment, and a motion which does not meet the requirement deprives the district court of jurisdiction to consider the motion. *Tri–State Ins. v. Bontjes,* 488 N.W.2d 845, 847 (Minn.App.1992).

For dispositive motions, "[n]o motion shall be heard until the moving party serves" a copy of the relevant documents on opposing counsel and files the original with the court "at least 28 days prior to the hearing." Minn.R.Gen.Pract. 115.03(a). The district court can modify the time limits. Minn.R.Gen.Pract. 115.01(b). But, "in no event shall the motion [for summary judgment] be served less than 10 days before the time fixed for the hearing." Minn.R.Civ.P.

56.03; *see also* Minn.R.Gen.Pract. 115.01(b). Where a court in its discretion relaxes the timeliness rules, there is no jurisdictional defect if there is no prejudice to the parties. *Nowicki v. Benson Properties,* 402 N.W.2d 205, 208 (Minn.App.1987).

The district court did not err in considering the Braults' motion for summary judgment. The summons and complaint were served upon Empire on September 15, 1994. The Braults filed a motion for summary judgment on October 7, 1994, seeking a declaration that Empire's policy issued for Northland Lodge covered pecuniary loss. The motion was not premature because the Braults moved the court for summary judgment after the minimum 20–day period required by Minn.R.Civ.P. 56.01, and therefore, the district court had jurisdiction to consider the motion.

Empire claims that the Braults' memorandum of law in support of their motion for summary judgment was not timely filed and served. It is not clear from the record whether the district court properly waived the timeliness requirement in rule 115.03. *See Hopkins v. Empire Fire & Marine Ins.,* 474 N.W.2d 209, 212 (Minn.App. 1991). However, Empire has failed to show prejudice. The matters raised in the declaratory judgment action were questions of law based on interpretation of the Empire policy. Allowing Empire more time for factual inquiry was unnecessary. We note further that the timeliness rules are primarily for the convenience of the court, not the parties. *Nowicki,* 402 N.W.2d at 208.

## DECISION

The district court erred in finding the Acceptance policies issued to I.C. Muggs and Hooter's not ambiguous and that they do not provide coverage for pecuniary loss under Minn.Stat. § 340A.801. The district court did not err in finding the Empire policy issued to Northland Lodge provided pecuniary loss coverage subject only to a $300,000 annual aggregate.

**Affirmed in part and reversed in part.**