Herdes KOONS, as guardian of Stacy Koons, Appellant,

v.

NATIONAL FAMILY INSURANCE COMPANY, St. Paul Property and Liability Insurance Company, Respondents.

No. 50884.

Supreme Court of Minnesota.

Jan. 9, 1981.

Dickel, Johannson, Wall & Taylor and Kenneth F. Johannson, Crookston, for appellant.

Erickson Erie & Odland, Kenneth R. Erie and Charles Fitzgerald, Crookston, for National Family Ins. Co.

Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow and Stephen F. Rufer, Fergus Falls, for St. Paul Property and Liability Co.

YETKA, Justice.

This action was commenced by appellant, as guardian of Stacy Koons, in Mahnomen County District Court for recovery of basic economic loss benefits from the respondents following a traffic accident. On cross-motions for summary judgment, the trial court granted respondents' motion and denied appellant's motion by an order dated December 3, 1979. The case is before this court on appeal from the order granting respondents summary judgment. We affirm.

The facts of the case are not in dispute. On July 12, 1975, Stacy Koons and a num-

ber of other young people were riding in a haytrailer that was being towed by a pickup truck driven by Jerry Schoenborn. Stacy and her friends were participating in a hayride. As the truck and trailer were traveling down a gravel road in Mahnomen County, Stacy jumped from the moving trailer and was struck by an overtaking automobile driven by Keith Abdo.

As a result of the accident, Stacy sustained permanent and disabling injuries. She is presently in a comatose state and is in the care of a nursing home. To date, Stacy has incurred medical expenses in excess of $100,000.

At the time of Stacy's accident, she was living with her mother, appellant herein, and was an insured under a no-fault automobile policy issued to appellant. Stacy has received the $20,000 maximum in medical expense benefits payable under that policy. Keith Abdo, the driver of the vehicle that struck Stacy, was an insured under a policy issued to him by respondent St. Paul Property and Liability Insurance Company. Jerry Schoenborn, the driver of the pickup truck, was an insured under a policy issued to him by respondent National Family Insurance Company. The policies covering both Mr. Abdo and Mr. Schoenborn each provided for the $20,000 in medical expense benefits required by statute. Minn.Stat. § 65B.44, subd. 1(a) (1978). This action was instituted by appellant on behalf of Stacy Koons to recover the medical expense benefits provided through the policies issued by respondents.

The parties agree that the statute applicable to this case is Minn.Stat. § 65B.47 (1978). That section is part of the Minnesota No-Fault Automobile Insurance Act and it specifies the priorities that determine which policy or policies must be the source for payment of basic economic loss benefits to an injured party. The statute reads as follows:

**65B.47 PRIORITY OF APPLICABILITY OF SECURITY FOR PAYMENT OF BASIC ECONOMIC LOSS BENEFITS.** Subdivision 1. In case of injury to the driver or other occupant of a motor vehicle other than a commuter van, or other than a vehicle being used to transport children to school or to a school sponsored activity, if the accident causing the injury occurs while the vehicle is being used in the business of transporting persons or property, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the injured person is an insured.

Subd. 2. In case of injury to an employee, or to his spouse or other relative residing in the same household, if the accident causing the injury occurs while the injured person is driving or occupying a motor vehicle other than a commuter van furnished by the employer, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the injured person is an insured.

Subd. 3. In case of any other person whose injury arises from the maintenance or use of a motor vehicle described in subdivision 1 or 2 who is not a driver or occupant of another involved motor vehicle, the security for the payment of basic economic loss benefits is the security covering the vehicle, or if none, the security under which the injured person is an insured.

Subd. 4. In all other cases, the following priorities apply:

(a) The security for payment of basic economic loss benefits applicable to injury to an insured is the security under which the injured person is an insured.

(b) The security for payment of basic economic loss benefits applicable to injury to the driver or other occupant of an involved motor vehicle who is not an insured is the security covering that vehicle.

(c) The security for payment of basic economic loss benefits applicable to injury to a person not otherwise covered who is not the driver or other occupant of an involved motor vehicle is the security covering any involved motor vehicle. An unoccupied parked vehicle is not an in-

volved motor vehicle unless it was parked so as to cause unreasonable risk of injury.

**Subd. 5.** If two or more obligations to pay basic economic loss benefits are applicable to an injury under the priorities set out in this section, benefits are payable only once and the reparation obligor against whom a claim is asserted shall process and pay the claim as if wholly responsible, but he is thereafter entitled to recover contribution pro rata for the basic economic loss benefits paid and the costs of processing the claim. Where contribution is sought among reparation obligors responsible under subdivision 4, clause (c), proration shall be based on the number of involved motor vehicles.

**Subd. 6.** Where a reparation obligor pays basic economic loss benefits which another reparation obligor is obligated to pay under the priority provided in this section, the reparation obligor that pays is subrogated to all rights of the person to whom benefits are paid.

The parties do not contest that the first applicable priority is set forth in subdivision 4(a) of the cited statute. That subdivision identifies appellant's policy as the source for payment of basic economic loss benefits to Stacy Koons. Payment of these benefits has been made to the extent of the $20,000 limit for medical expense benefits required by statute. Minn.Stat. § 65B.44, subd. 1(a) (1978). It is also not contested that the policies issued by respondents fall into priority categories below the first applicable priority level. *See* Minn.Stat. § 65B.47, subd. 4(c) (1978). Appellant contends that Stacy should be allowed to "stack" the medical expense benefits under the policies issued by respondents with the benefits received from the policy under which she is an insured. This would require a finding that injured parties be allowed to stack benefits from policies occupying different priority levels. The specific issue presented to this court, therefore, is whether the priorities established by Minn.Stat. § 65B.47 (1978) identify the policy or policies on the first applicable level of priority as the only source of basic economic loss coverage or whether that statute merely identifies the

order in which policies at any priority level must provide the source of no-fault benefits to the extent of actual loss.

The stacking of automobile insurance benefits under several separate policies was first permitted by this court with regard to uninsured motorist coverage. *See Van Tassel v. Horace Mann Mutual Insurance Co.,* 296 Minn. 181, 207 N.W.2d 348 (1973); *Pleitgen v. Farmers Insurance Exchange,* 296 Minn. 191, 207 N.W.2d 535 (1973). The propriety of stacking no-fault automobile insurance benefits was recently confronted by this court in the consolidated cases reported as *Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913 (Minn.1978), *discussed in* Comment, *Stacking of Basic Economic Loss Benefits Under the Minnesota No-Fault Automobile Insurance Act,* 5 Wm. Mitchell L.Rev. 421 (1979).

The first case decided in the *Wasche* decision arose from an automobile accident that resulted in the death of Grace Wasche. Mrs. Wasche was a passenger in one of the vehicles involved in the accident. Prior to her death, Mrs. Wasche had incurred medical expenses in excess of $46,000. The decedent was living with her daughter at the time of the accident. The daughter owned two automobiles and was covered by two separate no-fault policies that each contained the statutorily required basic economic loss benefits including medical expense benefits in the amount of $20,000. Mrs. Wasche qualified as an "insured" under both policies as she was a member of her daughter's household at the time of the accident. *See* Minn.Stat. § 65B.43(5) (1978). Both policies were on the same level of priority under Minn.Stat. § 65B.47, subd. 4(a) (1978). The personal representative of Mrs. Wasche's estate sought to recover maximum medical expense benefits under both the daughter's policies and thereby "stack" such benefits.

In the second case decided in *Wasche,* Clark Bock was badly injured in a rollover accident and he sought to stack benefits provided by two policies under which he was a named insured and under a policy

issued to his father who resided with Clark at the time of the accident. All three policies contained the basic economic loss benefits required by statute. Minn.Stat. § 65B.44(1) (1978). Clark Bock's medical expenses exceeded the maximum benefits payable under any one policy.

The priority provisions of Minn.Stat. § 65B.47, subd. 4(a) (1978) required both Mrs. Wasche and Mr. Bock to look to policies under which they were an "insured" for payment of basic economic loss benefits. Both of the policies issued to Mrs. Wasche's daughter applied to Mrs. Wasche as an insured. Minn.Stat. § 65B.43(5) (1978). Mr. Bock was an insured under the two policies issued to him, but this court affirmed the lower court's determination that he did not qualify as an insured under his father's policy. The question of whether Mr. Bock could stack benefits of policies on different priority levels was not addressed as his father's policy did not fall into any priority level of section 65B.47.

■ In *Wasche* we first addressed the problem presented by section 65B.47(5), which provides that when "two or more obligations to pay economic loss benefits are applicable to an injury under the priorities . . . in this section, benefits are payable only once." We interpreted that section as precluding recovery only for the same elements of loss and concluded that it did not prohibit stacking of benefits to the extent of actual loss. *See* 268 N.W.2d at 918–19; *cf. Travelers Insurance Co. v. Lopez,* 93 Nev. 463, 567 P.2d 471 (1977) (same result in Nevada). This subdivision must therefore be given the same interpretation in the case now before the court.

In *Wasche* we held: "[U]nder the present statute the injured person shall be allowed to recover basic economic loss benefits under each no-fault coverage *applicable to him as an insured* to the extent of actual losses up to the stacked policy limits of all policies *applicable on a single priority level."* 268 N.W.2d at 919 (emphasis added).

■ The language of the *Wasche* holding contains two important qualifiers that re-flect the justifications for stacking. It provides (1) that an injured party can stack basic economic loss benefits applicable to him as an insured and (2) that such stacking will be permitted only when benefits are provided by policies applicable on a single priority level.

The *Wasche* decision clearly indicated that no-fault benefits cover the person and not the vehicles. 268 N.W.2d at 918. Benefits are stacked because the policyholder is paying on more than one policy for protection of persons insured under those policies. The statute mandates that such personal coverage be purchased for each vehicle owned or principally garaged in the state. Minn.Stat. § 65B.48 (1978). The risk being insured by each policy issued to an insured party is principally the risk of injury to himself or covered members of his household. The number of vehicles owned or policies issued does not increase the risk. The carrier or carriers are adequately compensated for providing no-fault coverage under each policy. The premiums paid to insurers for each policy containing no-fault benefits separately reflect the risk to the insured party. To deny stacking of basic economic loss benefits to an injured insured results in an unearned premium for each policy the injured insured has paid for but under which the injured insured has not received no-fault benefits.

The same analysis is not applicable to the present case. Stacy Koons does not qualify as an insured under either of respondents' policies. The risk insured against by respondents was principally the risk of injury to their own insureds. No premiums were paid to the respondents that reflected the risk of injury to Stacy or other third parties who qualified as insureds under other no-fault policies. It follows that the respondents will not have accumulated unearned premiums if stacking is denied in this case because the premiums charged did not reflect the risk of injury to persons insured under other policies. To conclude otherwise would, in effect, constitute a finding that no-fault benefits could be used to extend the residual liability coverage provided through respondents' policies without the

necessity of proving fault. Such an expansion of the residual liability coverage of respondents' policies would be contrary to the legislature's express intention as evidenced by its enactment of a *limited* no-fault statute.

■ Since Stacy Koons was not an insured under either of the respondents' policies and no premiums were paid to respondents that reflected a risk of injury to Stacy, *no stacking of the benefits of respondents' policies can be permitted.*

The second qualification of the *Wasche* holding plainly states that benefits could be stacked under "policies applicable on a single priority level." 268 N.W.2d at 919. The clear language of the decision in *Wasche* would be greatly expanded in this case if stacking across priority levels is determined to be permissible. There appears to be no justification for such an expansion of *Wasche*.

The trial court must be affirmed.

SIMONETT, J., took no part in the consideration or decision of this case.