**M. Keith KELSEY, individually and as husband of Joan Kelsey, Deceased, etc., Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent,**

**Bituminous Casualty Corporation, Appellant.**

No. C8–84–1860.

Court of Appeals of Minnesota.

April 9, 1985.

George C. Eck, Dorsey & Whitney, Minneapolis, for M. Keith Kelsey, individually and as husband of Joan Kelsey, deceased, etc.

R. Gregory Stephens, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for State Farm Mut. Auto. Ins. Co.

J. Mark Catron, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Bituminous Cas. Corp.

Heard, considered and decided by LANSING, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from summary judgment entered in a declaratory judgment action to determine no-fault automobile insurance coverage. Respondent Kelsey's wife and daughter were killed in a collision while occupying an employer-owned vehicle. The employer's carrier, appellant Bituminous Casualty, paid benefits for Kelsey's wife. The trial court ruled that Bituminous was also liable for benefits due to the daughter's death. The court ruled against Kelsey on his claim to stack coverage from his wife's and daughter's insurer, respondent State Farm. Kelsey has filed a notice of review on this issue. We reverse on liability for benefits for the daughter's death and affirm the denial of stacking.

## FACTS

Keith Kelsey's wife, Joan Kelsey, and daughter, Linda Bennett, were killed in an automobile accident in Iowa on December 24, 1983. They were driving a vehicle owned by Kelsey's employer and insured by appellant Bituminous Casualty. The employer consented to Kelsey's personal use of the vehicle and charged him a fee for such use.

Linda Bennett did not reside in the Kelsey household at the time of the accident. Her no-fault carrier at the time, as well as that of Joan Kelsey and Kelsey himself, was respondent State Farm.

Bituminous voluntarily paid benefits arising out of the death of Joan Kelsey, but denied a claim for benefits for her daughter's death, because she was not residing in the household. Minn.Stat. § 65B.47, subds. 2, 3 (1984).

## ISSUES

1. Is a passenger in an employer-furnished vehicle, who does not reside in the employee's household, covered by the security covering the vehicle?

2. Can the driver and passenger of an employer-furnished vehicle stack coverage from their own insurer on that covering the vehicle?

## ANALYSIS

*1. Coverage for death of Linda Bennett*

Minn.Stat. § 65B.47, subdivisions 2 and 3 (1984), the applicable priority provisions, read as follows:

> Subd. 2. In case of injury to an employee, or to his spouse *or other relative residing in the same household,* if the accident causing the injury occurs while the injured person is driving or occupying a motor vehicle other than a commuter van furnished by the employer, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the injured person is an insured.

> Subd. 3. In the case of *any other person* whose injury arises from the maintenance or use of a motor vehicle described in subdivision 1 or 2 *who is not a driver or occupant of another involved motor vehicle,* the security for the payment of basic economic loss benefits is the security covering the vehicle, or if none, the security under which the injured person is an insured.

(Emphasis added).

All parties agree that since Linda Bennett was not residing in the Kelsey household, her death is not covered under subdivision 2. State Farm and Kelsey contend, however, and the trial court agreed, that since she was not covered in subdivision 2 (i.e., "any other person," under subdivision 3) and was not "a driver or occupant of another involved motor vehicle," she was included under subdivision 3.

■ Two principles of statutory construction are applicable here. The first, *expressio unius est exclusio alterius,* is the principle that the expression of one thing is the exclusion of another. *See, Martinco v. Hastings,* 265 Minn. 490, 495, 122 N.W.2d 631, 637 (1963); *Northern Pacific Railway Co. v. City of Duluth,* 243 Minn. 84, 88–89, 67 N.W.2d 635, 638 (1955) (maxim not applicable if resulting construction is contrary to clear legislative intent). The legislature by expressly including relatives residing in the same household within the scope of coverage in subdivision 2, can be assumed to be excluding other relatives. Moreover, by listing those occupants of the employer-furnished vehicle who are covered, the legislature is by implication excluding other occupants of that vehicle.

■ The second principle is that a statute should be construed as a whole so as to harmonize its parts and to avoid rendering any part superfluous, void or insignificant. *Owens v. Federated Mutual Implement and Hardware Insurance Co.,* 328 N.W.2d 162, 164 (Minn.1983). The trial court's interpretation renders the carefully drawn distinctions in subdivision 2 superfluous, since, under this interpretation, *any* occupant of the employer-furnished vehicle would be covered by the security covering that vehicle.

■ We agree with Bituminous that subdivision 3 does not refer to other relatives occupying the employer-owned vehicle, but rather refers only to pedestrians and bicyclists. *See* Steenson, *Minnesota No-Fault Automobile Insurance,* 81 (1982); Schwebel and Hanson, *Practitioner's Guide to Minnesota No-Fault Act,* 29 (2d ed. 1983). Thus, the State Farm policy is the only one covering the death of Linda Bennett.

*2. Stacking of policies covering Joan Kelsey*

Kelsey claims that the coverages furnished by State Farm for his wife should be stacked onto those provided by Bituminous for the employer-furnished vehicle.

The supreme court in *Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913, 919 (Minn.1978), stated as follows:

[W]e hold that under the present statute the injured person shall be allowed to recover basic economic loss benefits under each no-fault coverage applicable to him as an insured to the extent of actual losses up to the stacked policy limits of all policies *applicable on a single priority level.*

(Emphasis added).

In *Koons v. Family Insurance Co.*, 301 N.W.2d 550 (Minn.1981), the court declined to permit stacking of coverages where the injured party was not an "insured" under both policies *and* the policies were not on the same priority level. In denying stacking where the injured party was not an insured, the court emphasized that denial of stacking did not result in an unearned premium for the insurer. *Id.* at 553.

Kelsey here argues that since his wife was an "insured" under the State Farm policy, stacking would only give him the coverage for which he paid a premium to State Farm. However, in *Murphy v. Milbank Mutual Insurance Co.*, 320 N.W.2d 423 (Minn.1982), the supreme court declined to adopt this reasoning, and denied stacking where only one of the *Wasche* qualifiers was unsatisfied—the coverages were not on the same priority level. The court stated as follows:

> Gary Murphy, on the other hand, was an insured under the Milbank Mutual policies, and the premiums were paid by him and his wife. Thus the concerns that were central to our discussion in *Koons* are satisfied. The holding in *Koons* goes further, however, and warns that the "clear language of the decision in *Wasche* would be greatly expanded * * * if stacking across priority levels is determined to be permissible. There appears to be no justification for such an expansion of *Wasche.*" *Koons,* 301 N.W.2d at 554.

320 N.W.2d at 425.

Kelsey would distinguish *Murphy* on the grounds that *Murphy* did not involve personal use of the employer-furnished vehicle. He notes the following comment in *Murphy:*

> When Milbank Mutual insured vehicles for the Murphy's personal use, it surely did not intend protection against risks created by Gary Murphy's employment as a truckdriver.

320 N.W.2d at 425.

The Kelseys' personal use of the employer-furnished vehicle was not only sanctioned by the employer but paid for by the Kelseys.

The trial court concluded that because the Kelseys were using the employer's vehicle for their personal use, the rationale of *Wasche,* that the insurer should not receive an unearned premium windfall, did not apply. Nevertheless, the trial court denied stacking because the legislature has not chosen to change the *Wasche* rule.

Although we recognize the factual difference between this case and *Murphy,* namely the personal use of the company vehicle, it does not furnish grounds for creating an exception to the *Wasche* rule against interpriority stacking. That rule is stated by Steenson as follows:

> Stacking will be allowed only where the insured [sic] person is an insured under two or more coverages. In such a situation, the only relevant priority will be section 65B.47, subdivision 4(a). In the business priorities in subdivisions 1 through 3 * * *, coverage is vehicle-tied, meaning that coverage is limited to that on the involved vehicle. When these are the only applicable priorities, the injured person will be unable to reach the coverage on any vehicle other than the involved motor vehicle. *Stacking is thus limited to situations where the injured person is an insured under two or more policies and where the appropriate priority is subdivision 4(a) of section 65B.47.*

*Minnesota No-Fault Automobile Insurance,* 87 (1982) (emphasis added). Joan Kelsey was an insured under only one policy, the State Farm policy covering the Kelseys' personal vehicle. The priority coverage for her death was not subdivision 4(a), but the business vehicle priority in subdivision 2.

The general rule under the No-Fault Act is that insurance coverage protects persons rather than vehicles. *Wasche*, 268 N.W.2d at 918. Indeed, one of the reasons for permitting stacking is that the insured otherwise loses personal coverage for which he has paid premiums. *Id.* The legislature, however, has determined that risks involved with business-owned vehicles should be covered by the insurance on those vehicles. Minn.Stat. § 65B.47, subdivisions 1–3. Such a priority scheme necessarily ties coverage to the vehicle, preventing the injured person from reaching the coverage available to him as an insured on his own policy.

## DECISION

The security covering the employer-furnished vehicle did not cover Linda Bennett, a relative not residing in the employee's household. The trial court properly denied stacking of the Kelseys' personal automobile policy coverage.

Affirmed in Part and Reversed in Part.