Rosemary MADDEN, Appellant,

v.

HOME INSURANCE
COMPANY, Respondent.

No. C4–84–2097.

Court of Appeals of Minnesota.

May 14, 1985.

Willard L. Converse, Peterson, Bell & Converse, St. Paul, for appellant.

Lawrence J. Skoglund, Chadwick, Johnson & Condon, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

CRIPPEN, Presiding Judge.

### FACTS

The facts were stipulated at trial. Charles Madden, appellant's husband, was killed while driving home in his employer's automobile. The employer's insurer paid basic economic loss benefits to the extent of its coverage. Respondent Home Insurance Company insured Madden's personal automobiles. The premium rates were determined by representations that the automobiles would be used for purposes other than driving to and from work. Respondent refused to pay appellant, Rosemary Madden, basic economic loss benefits.

### DECISION

 Appellant seeks to stack basic economic loss benefits from her personal policy onto those paid under the employer's policy. The personal policy has a different statutory priority level than the employer's policy. Minn.Stat. § 65B.47, subd. 2 (1984) (business policy); Minn.Stat. § 65B.47, subd. 4 (1984) (personal policy).

The trial court refused stacking based on analysis of Minnesota Supreme Court decisions. The court denied appellant a declaratory judgment. Where the facts are undisputed, the trial court's conclusions of law do not bind this court. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

The stacking of basic economic loss benefits was recognized and circumscribed in *Wasche v. Milbank Mutual Insurance Co.*, 268 N.W.2d 913 (Minn.1978):

[W]e hold that under the present statute the injured person shall be allowed to recover basic economic loss benefits under each no-fault coverage applicable to him as an insured to the extent of actual losses up to the stacked policy limits of all policies applicable on a single priority level.

*Id.* at 919.

Three years later, the supreme court found "no justification" for expanding the stacking doctrine of *Wasche* by disregarding the condition that policies be on a single priority level. *Koons v. National Family Insurance Co.,* 301 N.W.2d 550, 554 (Minn. 1981). In *Koons,* benefits were paid under a policy insuring the claimant, but she was denied the stacking of benefits provided through policies insuring two unrelated drivers.

The trial court relied primarily on *Murphy v. Milbank Mutual Insurance Co.,* 320 N.W.2d 423 (Minn.1982). There the appellant's husband was killed while driving his employer's truck. Basic economic benefits were paid by the employer's insurer. The supreme court, referring to its prior holdings on inter-priority stacking, *Wasche* and *Koons,* held that appellant could not stack basic economic benefits provided under personal automobile policies with those paid under the employer's policy. The court said:

> The priorities set forth in section 65B.47 are intended to assign liability for basic economic loss benefits to the coverage that most closely contemplates the risk leading to the injury. When Milbank Mutual insured vehicles for the Murphy's personal use, it surely did not intend protection against risks created by Gary Murphy's employment as a truckdriver. We accordingly affirm the trial court's order denying permission to stack basic economic loss benefits.

*Id.* at 425.

Appellant contends that *Murphy* appears to involve use of an employer's vehicle in the course of employment, not as here, in travel to the employee's home. The supreme court has rejected inter-priori-ty stacking without regard to the kinds of fact situations involved. Here, as in *Murphy,* benefits have been paid under an employer's policy, and there is no precedent for stacking benefits provided under a policy with lesser coverage priority according to the standards set forth in Minn.Stat. § 65B.47.

In *Murphy,* the supreme court stated special regard for the fact that the personal insurer "did not intend protection against risks created by Gary Murphy's employment as a truckdriver." *Id.* Because respondent charged the Maddens premiums on the representation that their vehicles were not used in driving to and from work, the insurer "did not intend protection against risks" created by driving an employer's vehicle from work to home.

Affirmed.