Bryan C. HUBER, Appellant,

Liberty Mutual Insurance Company, Intervenor/Below,

v.

NIAGARA MACHINE AND TOOL WORKS, et al., Defendants,

Allen–Bradley Company, Respondent.

No. C4–87–1725.

Court of Appeals of Minnesota.

Jan. 12, 1988.

Review Granted March 23, 1988.

John W. Carey, Sieben Grose Von Holtum McCoy & Carey, Fairfax, for appellant.

Jeffrey M. Baill, Wasserman & Baill, Minneapolis, for intervenor/below.

James M. Riley, Meagher Geer Markham Anderson Adamson Flaskamp & Brennan, Minneapolis, for defendants.

Michael R. Cunningham, Gray Plant Mooty Mooty & Bennett, Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and STONE *, JJ.

## OPINION

RANDALL, Judge.

Bryan Huber (appellant) brought a products liability action against Niagara Machine and Tool Works (Niagara) and the Satterlee Company (Satterlee), and against Allen–Bradley Company (ABC). On motion of ABC, the trial court entered summary judgment for ABC. Huber appealed. This court dismissed the appeal because it was not taken from a final judgment. On Huber's motion, the trial court amended the judgment, entering final judgment for ABC July 21, 1987. Huber appeals the final judgment. We reverse and remand for trial.

## FACTS

Appellant was injured during an industrial accident involving a punch press manufactured by Niagara, and distributed by Satterlee. He had just washed some pieces of metal before feeding them into the punch press, and the floor was wet. As he was feeding the stock into the punch press, he noticed some pieces were warped. Appellant used his hand to hold the warped metal in place, when his foot slipped on the wet floor, activating the foot switch of the press. When appellant's foot contacted the

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

treadle of the switch, the punch press cycled, and appellant's hand was injured.

The punch press had originally been equipped with dual palm buttons as a safety mechanism. Installation of the foot switch overrode this safety feature.

The foot switch was manufactured by ABC, and distributed by Satterlee. It was originally designed and manufactured with a shield over the activating treadle. In addition, the original design included a spring-loaded front guard shielding the treadle. The operator had to move the guard back with a motion of the foot before the foot could access the treadle. The spring-loaded guard had been removed at some unknown time before the accident, but after delivery by ABC. ABC had manufactured and delivered a complete treadle with all guards attached and was not aware that some person had removed the front guard.

Appellant brought an action against Niagara, Satterlee and ABC. He alleged negligent design, manufacture and distribution; failure to warn; breach of express and implied warranties; and strict liability. ABC moved for summary judgment. In his memorandum in opposition to the motion, appellant conceded "that Defendant Allen–Bradley is entitled to partial summary judgment on the issue of negligent design, manufacture and distribution and maintenance of the foot switch * * *," and that "the issue of breach of warranty is no longer appropriate in regard to Defendant Allen–Bradley." Appellant continued to allege ABC's failure to warn.

The trial court granted ABC summary judgment, and this appeal followed.

## ISSUE

Did the trial court err by granting respondent summary judgment on appellant's failure to warn claim?

## ANALYSIS

Summary judgment is appropriate when there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56; *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The moving party has the burden of proof. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). On review, this court must view the evidence in the light most favorable to the party against whom the motion was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

Failure to warn is a cause of action separate from defective design, either on a strict liability or on a negligence theory. *Peppin v. W.H. Brady Co.*, 372 N.W.2d 369, 374 (Minn.Ct.App.1985); *see also Independent School District No. 14 v. Ampro Corp.*, 361 N.W.2d 138 (Minn.Ct.App.1985) (claim based on failure to warn can provide basis for recovery even where product is determined not to be defective).

There must be a duty to warn of a danger inherent in the item to be used before there will be liability. *Westerberg v. School District No. 792, Todd County*, 276 Minn. 1, 7, 148 N.W.2d 312, 317 (1967). Duty to warn consists of the duty to give adequate instructions for safe use, and to warn of dangers inherent in improper usage. *Frey v. Montgomery Ward & Co, Inc.* 258 N.W.2d 782, (Minn.1977).

Whether there is a legal duty to warn users of dangers of using a machine when a safety device is not attached is a question of law for the court. *Balder v. Haley*, 399 N.W.2d 77, 81 (Minn.1987) (citing *Germann v. F.L. Smithe Machine Co.*, 395 N.W.2d 922, 924 (Minn.1986)). Where the facts are undisputed, the trial court's conclusions of law do not bind this court. *Madden v. Home Insurance Co.*, 367 N.W.2d 676 (Minn.Ct.App.1985). Questions of adequacy of the warning, breach and causation remain jury questions. *Balder*, 399 N.W.2d at 81.

A duty to warn rests directly on foreseeability of the injury. *Id.* If manufacturer-seller anticipates that an un-

warned operator might use the machine in a particular manner so as to increase the risk of injury, and the manufacturer has no reason to believe that users will comprehend the risk, there may be a duty to warn. *Germann*, 395 N.W.2d at 925. If the injury is a direct consequence of the failure to warn, and the occurrence was or should have been reasonably forseeable, then a duty exists as a matter of law. *Id.* at 924.

In *Germann*, a hydraulic press was delivered unassembled. Assembly required attachment of a safety bar, which had to be removed to service the machine. More than six years after the machine was delivered, a worker sustained injuries when his leg was caught in the machine. The safety bar had been removed months before the accident. The supreme court held there was a duty to warn because misuse was forseeable and not remote. Factors cited in support of this were: that the safety bar was designed to be attached by the purchaser; that it was detachable and, in fact, had to be detached to allow the press to be serviced; and that there was a risk the bar would not be properly reattached after almost inevitable maintenance.

■ Here, we hold the possibility of injury was also forseeable. ABC should have anticipated the foot switch would be used to override point of operation safety mechanisms, such as dual hand controls. The purpose of ABC's foot switch was to speed up production. Removal of the front guard was also foreseeable, considering that production speed would be at a premium in the setting in which it would be used, and the guard in question slowed down the process. It is foreseeable that an inexperienced operator like appellant would conclude the top shield adequately protected the treadle, and would be unaware additional protection had once existed but had been removed. *See id.* at 922 (plaintiff had been similarly unaware of the fact a safety device had once existed but had been removed). We hold a duty to warn existed as a matter of law. The type and placement of the warning are questions for the trier of fact.

■ ABC argues the presence or absence of a warning on the treadle would not be material on the issue of causation, as appellant admitted he did not heed a warning on the punch press that hands must be kept away from the point of operation. Without further explanation, the trial court stated in its memorandum that "the foot switch itself was very small, and any warning would have had little or no effect." The trial court may have based this conclusion on appellant's admission that he had not properly heeded the warning on the punch press. ABC's argument involves causation, and thus is for the finder of fact.[1] Although the foot switch assembly is small, the apparatus, or its packaging, admittedly has room for some type of warning. Type and placement of an appropriate warning are fact issues.

We note that respondent, which had the burden of proof in this summary judgment motion, did not address the issue of failure to warn, or, more specifically, the forseeability that might give rise to a duty to warn. Respondent's motion and accompanying memorandum of law addressed only the issue of design defect, which appellant concedes.

We hold the trial court erred by entering summary judgment on the failure to warn claim. We do not comment on the merits of appellant's action, but only hold that material fact issues exist on factors relating to appellant's claim.

## DECISION

The trial court erred by awarding respondent summary judgment. Respondent had a duty to warn of the danger inherent in the use of a footswitch to override a point of operation guard.

Reversed and remanded for trial.

---

1. The finding that a warning would have had little or no effect here appears to be a finding with respect to causation, more than duty to warn. Causation is a jury issue. *Germann*, 395 N.W.2d at 924–25.