**James H. LANNERS, Respondent,**

v.

**NATIONAL FAMILY INSURANCE CO.,
Continental Western Insurance
Co., Appellants.**

No. C7–87–2173.

Court of Appeals of Minnesota.

June 7, 1988.

Review Denied July 28, 1988.

Robert L. Gjorvad, Runchey, Louwagie & Wellman, Marshall, for James H. Lanners.

Louise A. Dovre, Martha M. Simonett, Rider, Bennett, Egan & Arundel, Minneapolis, for Nat. Family Ins. Co.

Karen Melling van Vliet, Arthur, Chapman & McDonough, Minneapolis, for Continental Western Ins. Co.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment declaring two insurance companies liable for payment of no-fault benefits. The insurance companies contend the insured was operating a business vehicle at the time of the

accident and is not entitled to recover benefits under his personal automobile insurance policy. We reverse.

## FACTS

Respondent James H. Lanners was the sole proprietor of Lanners Construction, an unincorporated construction business. Lanners owned six vehicles and insured the vehicles under two separate policies. A 1978 Ford pickup, a 1969 Ford pickup and a trailer were insured by appellant Continental Western Insurance Company (Continental); the named insured on the Continental policy was "JAMES H. LANNERS DBA LANNERS CONSTRUCTION." A van and two passenger cars owned by Lanners were insured by appellant National Family Insurance Company (National Family); the named insured on the National Family policy was "JAMES HENRY LANNERS."

Lanners was injured in two accidents while driving the 1978 Ford pickup. The first accident occurred in July 1981 while Lanners was driving to a farm to make an estimate on a shingling job; the second accident occurred in June 1982 while Lanners was driving to a job site to assist his employees with a construction job. Lanners sought no-fault benefits under his personal auto policy with National Family and filed a claim under his general liability and automobile policy with Continental. National Family claimed the 1978 Ford pickup was not an insured vehicle described in its policy and asserted it was not responsible for payment of policy benefits under the no-fault insurance act because the pickup was being used for business purposes at the time of both accidents.

Lanners filed a declaratory judgment action against the insurance companies in November 1985. The parties subsequently moved for partial summary judgment on whether Lanners' policy coverages with National Family and Continental could be "stacked" under the no-fault insurance act. The district court concluded Lanners was entitled to stack the benefits of his policies to the coverage limits for each vehicle. The court noted Lanners was using the pickup to drive himself to a job site at the time of the accidents in furtherance of his business, but concluded Lanners "was not transporting any persons or property" at the time of the accident and was not engaged in the transportation business.

The court also noted that Lanners was the sole owner of the business and was the named insured on both policies, and that he used the 1978 Ford pickup for both business and nonbusiness purposes. The court concluded there was no priority between the two policies and ruled Lanners could stack the benefit coverage of the two policies.

## ISSUE

Did the district court err by concluding respondent was entitled to stack coverage benefits of his two insurance policies and by granting summary judgment for respondent?

## ANALYSIS

■ On appeal from a summary judgment, appellate courts only determine "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *See Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). A conclusion based on the application of a statute to a set of undisputed facts is a conclusion of law which does not bind an appellate court. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.,* 260 N.W.2d 579, 582 (Minn.1977). Since the facts are not disputed in this case, the district court's conclusions about the application of the no-fault insurance statute are not binding on this court. *See Madden v. Home Insurance Co.,* 367 N.W.2d 676 (Minn.Ct.App.1985).

### No–Fault Coverage

The Minnesota No–Fault Automobile Insurance Act establishes priorities for payment of basic economic loss benefits when automobile accident injuries are covered by two or more insurance policies.

Subdivision 1. In case of injury to the driver or other occupant of a motor vehicle other than a commuter van, or oth-

er than a vehicle being used to transport children to school or to a school sponsored activity, if the accident causing the injury occurs while the vehicle is being used in the business of transporting persons or property, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the injured person is an insured.

Subd. 2. In case of injury to an employee, or to his spouse or other relative residing in the same household, if the accident causing the injury occurs while the injured person is driving or occupying a motor vehicle other than a commuter van furnished by the employer, the security for payment of basic economic loss benefits is the security covering the vehicle or, if none, the security under which the injured person is an insured.

\* \* \* \* \* \*

Subd. 4. In all other cases, the following priorities apply:

(a) The security for payment of basic economic loss benefits applicable to injury to an insured is the security under which the injured person is an insured.

Minn.Stat. § 65B.47 (1980).

▮ An injured person may "recover basic economic loss benefits under each no-fault coverage *applicable to him as an insured* to the extent of actual losses up to the stacked policy limits of all policies *applicable on a single priority level.*" *Wasche v. Milbank Mutual Insurance Co.,* 268 N.W.2d 913, 919 (Minn.1978) (emphases added). "Stacking" is allowed only if (1) the basic loss benefits are applicable to the injured person "as an insured," *and* (2) the "benefits are provided by policies applicable on a single priority level." *Koons v. National Family Insurance Co.,* 301 N.W. 2d 550, 553 (Minn.1981).

In *Murphy v. Milbank Mutual Insurance Co.,* 320 N.W.2d 423 (Minn.1982), the supreme court concluded personal automobile insurance coverage and coverage available under an employer's business policy could not be stacked because the benefits were provided by policies applicable on different priority levels.

The priorities set forth in section 65B.47 are intended to assign liability for basic economic loss benefits to the coverage that most closely contemplates the risk leading to the injury.

*Id.* at 425.

The district court's conclusion that Lanners could stack his insurance policy coverages was based on Lanners' status as the sole owner of Lanners Construction and the court's interpretation of *Roepke v. Western National Mutual Insurance Co.,* 302 N.W.2d 350 (Minn.1981). The plaintiff's husband in *Roepke* died when the van he was driving collided with a truck. The decedent was the president and sole shareholder of the company which owned the van and five other vehicles which the decedent's family used as family vehicles. The insurance company argued that the policies could not be stacked because the business insurance priority under Minn.Stat. § 65B.47, subd. 2 applied. The court agreed that subdivision 2 would have prevented stacking but concluded the corporate veil should be "pierced" on equitable grounds so the decedent could be considered an insured under the corporate policy. However, the court expressly noted that its holding in *Roepke* was limited to the unusual facts of that case.

[W]e limit this holding to the facts peculiar to this case, the most significant of which are that decedent was the president and sole shareholder of the named insured corporation; the vehicles insured by defendant were used as family vehicles; and neither decedent nor members of his household owned any other vehicles.

*Id.* at 353.

*Roepke* is distinguishable and does not apply to this case for several reasons. Lanners insured his six vehicles under two separate policies: a business policy covered the 1978 Ford pickup and two other vehicles, and a personal automobile insurance policy covered a van and two passenger cars. The record indicates the Lanners family members generally used the vehicles insured under the personal automobile insurance policy for family uses. *See*

*Kuennen v. Citizens Security Mutual Insurance Co.,* 330 N.W.2d 886, 887 (Minn. 1983) (the decedent was killed while driving a company car; the decedent's spouse could not stack insurance coverages in part because "only some of the [corporate] vehicles were used as family vehicles"). The record also indicates the 1978 Ford pickup was acquired for business purposes and was being used for business purposes at the time of both accidents. Lanners used the Ford pickup for transporting himself and materials to job sites, for making collections, and for soliciting business. In addition, he fully depreciated the vehicle as a business property on his tax returns.

Lanners was the sole owner of Lanners Construction. However, the record indicates Lanners made some effort to separate his business enterprise from his personal affairs and insure the different risks accordingly. The Continental policy covering the 1978 Ford pickup and two other vehicles was a general liability and automobile policy intended to insure against business liability and Lanners testified that he purchased the Continental policy because he was running a business. The named insured on the business policy with Continental was "JAMES H. LANNERS DBA LANNERS CONSTRUCTION"; the named insured on the personal automobile insurance policy with National Family was "JAMES HENRY LANNERS."

Under these circumstances, the two policies were intended to cover different risks. *See Murphy,* 320 N.W.2d at 425 ("The priorities set forth in section 65B.47 are intended to assign liability for basic economic loss benefits to the coverage that most closely contemplates the risk leading to the injury.") Since Lanners was driving the 1978 Ford pickup in furtherance of his business at the time of the accidents, the pickup was separately insured under a policy intended to cover business liability, and the pickup was used in the business for transporting persons and property, the district court erred by concluding Minn.Stat. § 65B.47, subd. 1 (1980) did not apply. Lanners cannot stack the benefit coverages of his two policies, even if he is a named insured on both policies, because the benefits are not provided by policies "applicable on a single priority level." *See Koons,* 301 N.W.2d at 553.

## DECISION

The district court erroneously granted summary judgment in favor of the respondent. Respondent cannot stack the benefits of his two insurance policies because the benefits are not provided by policies applicable on a single priority level.

Reversed.