Ellard D. RYDBERG, Appellant,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Respondent.

No. C3–89–1803.

Court of Appeals of Minnesota.

March 27, 1990.

A. Blake MacDonald, MacDonald, Munger, Downs & Munger, Duluth, for appellant.

Michael W. Haag, Crassweller, Magie, Andresen, Haag & Paciotti, P.A., Duluth, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

Ellard Rydberg appeals the trial court's summary judgment interpreting and applying the effective dates of 1985 amendments to the Minnesota No–Fault Automobile Insurance Act. Although our rationale differs from the trial court's, we agree with its determination that Rydberg was entitled to a total of $20,000 in wage-loss benefits under the Minnesota No–Fault Act.

## FACTS

Appellant Ellard Rydberg, a Wisconsin resident, was injured in a motor vehicle accident in Duluth on October 18, 1985. Rydberg sustained severe personal injury and incurred wage-loss in excess of $20,-000. American Family paid wage-loss benefits under the Minnesota No–Fault Act, Minn.Stat. § 65B.41–.71 (1986) until the payments totaled $20,000. American Family refused further payment claiming it had paid the maximum amount available for wage losses.

At the time of the accident, Rydberg's vehicle plus an additional vehicle owned by Rydberg were insured under a "Wisconsin Family Car Policy" issued by respondent American Family. The policies had effective dates of August 13, 1985 through February 13, 1986, and September 18, 1985 through March 18, 1986.

The legislature amended the No–Fault Act in 1985. *See* 1985 Minn. Laws ch. 168.

The amendments at issue increased the minimum statutory amount payable for no-fault wage-loss benefits from $10,000 to $20,000 (Section 6 of ch. 168) and prohibited the stacking of coverages for basic economic loss benefits unless the policyholder made a specific election to stack coverages (Section 8 of ch. 168).

Section 8, effective October 1, 1985, included a proviso that it was to apply:

> to all insurance policies providing benefits for injuries arising out of the maintenance or use of a motor vehicle or motorcycle that are executed, issued, issued for delivery, delivered, continued, or renewed in this state after September 30, 1985.

1985 Minn. Laws (First Special Session), ch. 10, § 119. Section 6 of ch. 168 was "effective October 1, 1985." but was not subject to the qualifying language. *Id.*

Rydberg's interpretation of the effective dates of the amendment would result in applying the newly enacted increase for wage-loss benefits (from $10,000 to $20,000) but forestall application of the "anti-stacking" provision until negotiation of a new policy. Under this interpretation Rydberg would be entitled to a total of $40,000.

## ISSUE

Did the trial court err in holding that Rydberg was entitled to a maximum of $20,000 in no-fault wage-loss benefits under his policies with respondent American Family?

## ANALYSIS

The facts are undisputed and consequently we focus on the application of the law. *See Lanners v. National Family Insurance Co.*, 424 N.W.2d 95, 96 (Minn. Ct.App.1988), *pet. for rev. denied* (Minn. July 28, 1988). Rydberg's claim for $40,000 in wage-loss benefits is premised on the application of two different effective dates in the amendatory legislation.

The anti-stacking amendment was effective October 1, 1985, but applied only to policies "executed, issued, issued for delivery, delivered, continued, or renewed *in*

*this state* after September 30, 1985." (Emphasis added.) The minimum benefit provision, raising the wage-loss amount from $10,000 to $20,000, was generally "effective October 1, 1985."

Rydberg's Wisconsin policies do not contain any provision for no-fault benefits, and specifically limit the liability under all policies issued to the insured to the highest limit of liability under any one policy. As a nonresident policyholder of an insurer licensed in Minnesota, however, he is entitled to minimum no-fault coverage "with respect to accidents occurring in this state." Minn.Stat. § 65B.50, subd. 1 (1986).

■ Insurance policies are generally governed by statutes in effect on the date of the issuance of the policy. *AMCO Insurance Co. v. Lang*, 420 N.W.2d 895 (Minn.1988). This general rule is based on contract principles recognizing the relationship between premiums and coverage. However the "contract" rationale that the payment of the premium should determine the effective date of the amendment does not apply here because technically no premium was charged on this coverage in the Wisconsin insurance contract between Rydberg and American Family.

■ The insurer's obligation to make payments to its Wisconsin policyholder under the Minnesota No–Fault Act "arises from the duties imposed upon it for the privilege of doing business in Minnesota, not its private contract with the insured." *Petty v. Allstate Insurance Co.*, 290 N.W.2d 763, 766 (Minn.1980). As such, the law in effect on the date of the accident must determine what benefits are available under the Minnesota No–Fault Reparations Act to a nonresident policyholder who is injured in Minnesota.

■ On October 18, 1985, the date of Rydberg's accident, the Minnesota Legislature had amended the No–Fault Act to prohibit stacking of coverages for separate vehicles. Although the legislature specifically conditioned the effective date on execution, delivery, issuance or renewal in this state, this provision does not apply to Ryd-

berg because the issuance of his policy did not occur within this state and similarly the renewal will not occur here. The legislature had also increased the minimum benefit available for any one person for wage-loss benefits from $10,000 to $20,000. Thus the law in effect as of the date of Rydberg's accident entitled him to $20,000 in wage-loss benefits, but prohibited stacking of coverages under his separate policies.

## DECISION

We affirm the trial court's finding that Rydberg was not entitled to additional wage-loss benefits over and above the $20,000 already paid by American Family. Because we base our holding on the increase in the wage-loss benefits and the prohibition against stacking, our grounds vary from the trial court's, but the amount remains the same.

Affirmed as modified.