551 N.W.2d 232 (1996)
JoAnn JOHNSON, Guardian for Allen Cormier, and Allen Cormier, individually, Respondents,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.
No. C4-95-2578.
Court of Appeals of Minnesota.
June 25, 1996.
*233 Robert M. Albrecht, Brink, Sobolik, Severson, Malm & Albrecht, P.A., Hallock, for respondents.
Bradley T. Cosgriff, Patrick J. Kelly, La Bore & Giuliani, Ltd., Hopkins, for appellant.
Considered and decided by TOUSSAINT, C.J., and KLAPHAKE and WILLIS, JJ.

OPINION
KLAPHAKE, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) appeals from a grant of summary judgment to respondent Allen Cormier, arguing Cormier is not entitled to stack no-fault benefits covering vehicles which he did not occupy at the time of his injuries and under which he was not an insured. Because the owner of the vehicle chose to stack basic economic loss benefits and Cormier was insured under the policy in which the owner chose to stack, we affirm.

FACTS
The facts of this case are not in dispute. On June 10, 1993, sixteen-year-old Allen Cormier was a passenger in a car owned by Ronda Davis and driven by Adam Davis. The car was involved in a severe two-car collision. At the time of the accident, Cormier lived with his mother, who neither owned a car nor had car insurance.
Ronda Davis's car was insured under a State Farm automobile insurance policy. Davis also had two other automobiles insured under separate State Farm policies. Davis elected to purchase stacking of basic economic loss benefits for all of the automobiles and paid increased premiums. Each policy provided the required amount of basic economic loss benefits.
Cormier suffered a severe brain injury in the accident and continues to suffer problems resulting from the injury. His medical bills totaled $95,750.92. Cormier sought to stack basic economic loss coverage for his medical expenses from all three of Davis's State Farm policies. State Farm received a bill from United Hospital for $68,386.41. It paid $20,000 of the bill, but refused to pay the balance. State Farm argued Cormier was not entitled to stack the policies because he was not an "insured" under Davis's other two policies. Cormier initiated this declaratory judgment action.
The parties stated at oral argument that Davis chose stacking by checking a box on the policy covering the vehicle in which Cormier was injured. The parties do not dispute that Cormier was insured under that policy because he was an occupant of that vehicle. The parties also do not dispute that Cormier was not an insured under Davis's other two policies.
The district court ruled that Cormier was entitled to stack basic economic loss benefits because the vehicle in which he was riding was insured by State Farm, Cormier was an insured in that vehicle, and the insurance policy included a stacking provision. The district court concluded that
[t]o deny stacking of basic economic loss benefits to an injured insured results in an unearned premium for each policy the injured insured has paid for but under which the injured insured has not received No-Fault benefits.
State Farm appealed.

ISSUE
Can basic economic loss benefits be stacked where a named insured's automobile insurance policies include stacking provisions, but the injured party is an insured only under the policy covering the automobile in which he was injured?

ANALYSIS
According to the parties, there are no genuine issues of material fact and the only issue is whether the trial court correctly applied the law. When the facts are undisputed, the trial court's conclusions of law do *234 not bind this court. A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc., 260 N.W.2d 579, 582 (Minn.1977).
Insurance coverage issues are questions of law. State Farm Ins. Cos. v. Seefeld, 481 N.W.2d 62, 64 (Minn.1992). Insurance contracts are construed as a whole, and the contract language is given its plain and ordinary meaning. Id.
State Farm argues that Cormier cannot stack the basic economic loss benefits from Davis's other two policies because he was not an insured under either of those policies and he was not an insured under the priority levels of Minn.Stat. § 65B.47. We disagree.
Prior to 1985, an injured claimant could stack basic economic loss benefits only when the claimant was an insured under each of the policies sought to be stacked and only where those policies were on the same priority level. Koons v. National Family Ins. Co., 301 N.W.2d 550, 553 (Minn.1981); Wasche v. Milbank Mut. Ins. Co., 268 N.W.2d 913, 919 (Minn.1978).
In 1985, the legislature amended the no-fault statute to prevent stacking unless the policyholder specifically elected to stack basic economic loss benefits. Minn.Stat. § 65B.47, subd. 7 (1994). When policies are stacked, the basic economic loss benefits are added together "to determine the limit of insurance coverage available to an injured person for any one accident." Id.
The amendment changed the stacking analysis. Meister v. Western Nat'l Mut. Ins. Co., 465 N.W.2d 428, 430 (Minn.App.1991) (hereinafter Meister I), aff'd, 479 N.W.2d 372 (Minn.1992) (hereinafter Meister II).
Now, when insureds elect the "added together" coverage allowed under Minn.Stat. § 65B.47, subd. 7, they are not choosing to stack "basic economic loss benefits," as contemplated by pre-1985 stacking cases. Before 1985 stacking occurred by operation of law; now an insurance purchaser chooses to have double coverage; to buy voluntarily [more] insurance over and above basic economic loss benefits.
Meister I, 465 N.W.2d at 430-31 (footnote omitted). The supreme court agreed:
In electing to increase coverage for economic loss benefits, an insured is choosing to add first-party coverage for losses not covered because of the limitations on no-fault benefits in the Act.
Meister II, 479 N.W.2d at 377.
The amendment, as interpreted by Meister I and II, eliminated the requirement that an injured person be an insured under each policy he seeks to stack. The right to stack is now contractual. See id. at 377-78 ("we think the insurance company which issues a policy under which additional economic loss benefits are purchased is liable for that additional coverage"). Here, Davis chose to stack the policies covering her three automobiles by checking the box on the insurance policy and paying the increased premiums. State Farm agreed to extend basic economic loss benefits to all three cars by accepting the premiums. Because Cormier was an insured in the car in which he was injured, State Farm is liable for the stacked economic loss benefits.
State Farm's issue of "cross-priority" stacking does not apply here. See id. at 377 (priorities in section 65B.47 do not apply to added economic loss benefits). The automobile involved in the accident and Davis's other two cars are not on different priority levels. In fact, Davis's other two cars are not on any priority level. Cormier was not driving a business vehicle, was not an employee, and does not have his own insurance. See Minn.Stat. § 65B.47, subds. 1-4 (1994). Cormier is not stacking across priority levels; he is stacking benefits from three policies that are connected through a contractual stacking clause.

DECISION
We conclude that Cormier is entitled to stack basic economic loss benefits from the State Farm policies covering Davis's three automobiles.
Affirmed.